In re CURTINA INTERNATIONAL,
Debtor.

Brian S. MURDOCK, Plaintiff,

v.

Curtis T. ALLINA and Hannelore
Allina, Defendants.

In re CURTINA INTERNATIONAL,
INC., Debtor.

WALDE TIROL Ges.m.b.H., Plaintiff,

v.

Curtis T. ALLINA and Hannelore
Allina, Defendants.

Debtor No. 81 B 20208.
Nos. 81 Adv. 6190, 6192.

United States Bankruptcy Court,
S. D. New York.

Dec. 22, 1981.

Brian S. Murdock, White Plains, N. Y., trustee.

Arthur, Dry & Kalish P. C., New York City, for defendants; Thomas A. Beck and Marilyn Neiman, New York City, of counsel.

Curtis T. Ettinger, White Plains, N. Y., for plaintiff Walde Tirol Ges.M.b.H.; Reid & Priest, New York City, John M. Nonna and Deborah A. Pitts, New York City, of counsel.

## DECISION ON COMPLAINTS OF BRIAN S. MURDOCK and WALDE TIROL Gas.m.b.H.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Both plaintiffs in these adversary proceedings, the trustee in bankruptcy and Walde Tirol Ges.m.b.H. ("Walde"), seek the provisional remedy of attachment of the property of the individual principals of the above debtor, pursuant to Rule 64 of the Federal Rules of Civil Procedure, as adopted by Bankruptcy Rule 764. The plaintiffs reason that these rules may be employed to make available the attachment provisions of the forum state, New York Civil Practice Law and Rules §§ 6201 and 6212(a), to reach the defendants' property in Plano, Texas, where they now reside. The plaintiffs recognize that the official authorized to perform this function under the New York CPLR, a New York sheriff, regardless of his attire, would be inappropriate to perform this task in Texas. They therefore suggest that a United States Marshal in Plano, Texas, could serve as the attaching officer.

The plaintiffs assume that this court has subject matter jurisdiction under 28 U.S.C. § 1471 as well as personal jurisdiction over the defendants by their appearance, and therefore, since attachment is sought to ensure collection of any judgment that might be obtained in the adversary proceedings rather than for jurisdictional purposes, the attachment order may be served beyond the territorial limits of the forum state because FRCP 4(f) and Bankruptcy Rule 704(f) authorize extraterritorial service. The plaintiffs contend that attachment is affordable on two of the grounds delineated under New York CPLR § 6201, namely: (1) The defendants are nondomiciliaries residing without the State of New York, as prescribed under CPLR § 6201(1); and (2) The defendants, with intent to defraud their creditors or frustrate the enforcement of a judgment that might be rendered in plaintiffs' favor, have assigned, disposed of, encumbered, or secreted property, or removed it from the state; as proscribed under CPLR § 6201(3). In support of these elements the plaintiffs assert that the defendants, husband and wife, have disposed of their real property in Westchester County, New York and have removed the proceeds to their present residence in Plano, Texas. The parties have directed their arguments to whether this court should or should not, in its discretion, issue an order of attachment pursuant to Bankruptcy Rule 764 and New York CPLR §§ 6201 and 6212. However, the parties have not cited any cases with respect to the validity of an order of attachment directed to a United States Marshal in Texas premised on the circumstances and in the manner provided by the New York CPLR. Indeed, this issue is critical, since without such authority, it is of no moment that there may exist grounds for the issuance of an order of attachment.

## FACTUAL BACKGROUND

The defendants, Curtis Allina and his wife, Hannelore Allina, formed the debtor corporation, Curtina International Inc. ("Curtina"), a New York corporation, for the purpose of buying and selling confectionary food items. Defendant, Curtis Allina, was designated as president and defendant, Hannelore Allina, was designated as treasurer. The business of Curtina was operated from defendants' prior residence in Rye, New York and Harrison, New York.

An involuntary petition under § 303 of Chapter 7 of the Bankruptcy Code was filed in this court on April 3, 1981. Plaintiff

Walde was one of the petitioning creditors. Plaintiff, Brian S. Murdock, was appointed interim trustee of the estate on April 28, 1981 and has continued to act as trustee in bankruptcy. Following the filing of the Chapter 7 petition against Curtina, the debtor corporation, the individual defendants departed from New York State and now reside in Plano, Texas where they purchased a home and formed a new business known as Chocolate Fantasy Inc.

The trustee in bankruptcy of Curtina commenced an adversary proceeding against the defendants, Curtis and Hannelore Allina, for various prepetition payments made by the debtor corporation for their travel and entertainment expenses and for salaries claimed to be excessive. The trustee also seeks to recover for unpaid subscription to stock of the debtor owed by the defendants. The trustee's causes of action with respect to the debtor's payments to and on behalf of the defendants are based upon the theory of fraudulent conveyances of the debtor's property to the defendants, as proscribed under Code § 548 and under Sections 273 and 274 of the New York Debtor and Creditors Law, which are made applicable under Code § 544(b).

The plaintiff, Walde, a corporation with its principal place of business located in Innsbruck, Austria, also commenced an adversary proceeding against the defendants, seeking in excess of $252,450 for goods sold and delivered to the debtor, Curtina. Walde's complaint is pitched to the theory that it is entitled to pierce the corporate veil of the debtor and maintain an action against the defendants individually because the defendants allegedly used the debtor corporation as their alter ego.

## JURISDICTION

■ There is no question that the trustee's adversary proceeding has a sound jurisdictional predicate. Subsections (a), (b) and (c) of 28 U.S.C. § 1471 combine to confer original and exclusive jurisdiction upon a bankruptcy court for the district in which a case under title 11 is commenced and original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11. Therefore the trustee's action to recover property for the estate was properly commenced in this court.

■ However, the plaintiff Walde's action against the individual defendants, who are not debtors under title 11, stands on a different footing. Unlike the trustee, Walde does not seek to recover assets for the benefit of the estate; Walde desires to collect for itself monies allegedly owed to it by the nondebtor defendants as the alter egos of the debtor. Hence, Walde neither seeks to recover assets for the estate nor from the estate. The trustee in bankruptcy has no interest in any recovery that Walde might obtain from the nondebtor defendants. Manifestly, the private controversy between Walde and the defendants does not relate to any bankruptcy matter. Walde can derive little comfort from 28 U.S.C. § 1471(b) and (c) because its civil proceeding against the nondebtor defendants does not arise under title 11 nor is it related to a case under title 11. Although Walde bottoms its claim against the nondebtor defendants on the theory of piercing the debtor's corporate veil, it inflicts no wound upon the debtor nor will it draw any blood from this stone. Indeed, to the extent that Walde recovers any amount from the nondebtor defendants in the course of piercing the debtor's shroud it will thereby reduce the amount of any claim it might have against the debtor.

The parties did not raise the jurisdictional issue. Instead they directed their efforts to addressing the question as to whether or not there were sufficient grounds for the issuance of an order of attachment and discussed the line of cases that dealt with the problem of piercing a corporate veil. Nevertheless, this court cannot entertain Walde's adversary proceeding if there is no jurisdictional basis for the action since jurisdictional questions are paramount. This point was stated in *First State Bank and Trust Company of Guthrie, Oklahoma v. Sand Springs State Bank*, 528 F.2d 350, 353 (10 Cir. 1976) as follows:

"... jurisdictional questions are of primary consideration and can be raised at any time by courts on their own motion. *Barr v. United States*, 478 F.2d 1152 (10th Cir. 1973), cert. denied, 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973); *Bledsoe v. Wirtz*, 384 F.2d 767 (10th Cir. 1967); *McGrath v. Kristensen*, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173 (1950.)"

Since Walde's action does not relate to, or affect the administration of this bankruptcy case and is merely a private controversy exclusively between third parties in which the trustee asserts no interest, it follows that this court does not have jurisdiction to entertain it under 28 U.S.C. § 1471(b) and (c). As stated by the court in *First State Bank and Trust Company of Guthrie, Oklahoma v. Sand Springs State Bank, supra,* at page 353:

"A court of bankruptcy cannot entertain jurisdiction of a private controversy which does not relate to matters pertaining to bankruptcy. *Associated Electronic Supply Co. of Omaha v. C. B. S. Electronic Sales Corporation*, 288 F.2d 683 (8th Cir. 1961). In the same vein, a bankruptcy court lacks jurisdiction of a controversy solely and exclusively between third parties which does not involve, directly or indirectly, the bankrupt or its property. *Central States Corp. v. Luther*, 215 F.2d 38 (10th Cir. 1954); *O'Dell,* supra. Furthermore, a bankruptcy court ordinarily lacks jurisdiction of a controversy between parties over a matter in which the trustee asserts no interest. *In re Burton Coal Co.*, 126 F.2d 447 (7th Cir. 1942)."

### EXTRATERRITORIAL ATTACHMENT

Although the trustee's adversary proceeding against the nondebtor defendants to recover funds for the estate on grounds including alleged fraudulent conveyances lies within the pale of this court's jurisdiction, it nevertheless must be considered whether this court may extend the reach of the provisional remedy of attachment authorized by the forum state beyond its territorial borders.

Rule 64 of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Bankruptcy Rule 764 applies to provisional remedies, including attachment, and makes these remedies available in accordance with the law of the forum state, except where a federal statute expressly governs the situation. Rule 64 states:

"RULE 64. SEIZURE OF PERSON OR PROPERTY

At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available *under the circumstances and in the manner provided by the law of the state in which the district court is held,* existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action." [Emphasis added]

Since FRCP 64 and Bankruptcy Rule 764 make applicable the procedural rules of the forum state with respect to the provisional remedy of attachment, reference must then be made to the New York Civil Practice Law and Rules, § 6201 et seq. The grounds for attachment are specified under CPLR § 6201 and the papers necessary to obtain an attachment are described under § 6212. However, the contents for an order of attachment are set forth in pertinent part under CPLR § 6211(a) as follows:

"It shall specify the amount to be secured by the order of attachment including any interest, costs and sheriff's fees and expenses, be indorsed with the name and address of the plaintiff's attorney and

shall be directed to the *sheriff of any county or of the city of New York where any property in which the defendant has an interest is located* or where a garnishee may be served. The order shall direct the sheriff to levy within his jurisdiction, at any time before final judgment, upon such property in which the defendant has an interest and upon such debts owing to the defendant as will satisfy the amount specified in the order of attachment." (Emphasis added)

■ Although the New York Sheriff is designated by the New York statute as the appropriate officer to make an attachment, this feature alone is not dispositive, since a United States Marshal is invested by statute with all the powers which a sheriff has in the state in which his district lies, so that delivery of the order of attachment to a United States Marshal would be equivalent to a similar call upon the New York Sheriff to perform this function. *Nola Electric Co. v. Reilly*, 93 F.Supp. 164, 170 (S.D.N.Y. 1949). The issue is not who may serve an order of attachment, but rather may an order of attachment be directed to property beyond the forum state.

The trustee asserts that there is nothing in the New York CPLR which territorially limits an order of attachment. He correctly observes that the bankruptcy court's jurisdiction is not circumscribed by the borders of New York State and that this court is vested with "exclusive jurisdiction of all of the property, *wherever located*, of the debtor, as of the commencement of such case." (Emphasis added) 28 U.S.C. § 1471(e). The trustee reasons that since his adversary proceeding seeks to recover property of the debtor corporation allegedly fraudulently transferred to the defendants, it follows that this court may reach such assets wherever located. That this court has jurisdiction to entertain the trustee's adversary proceeding to recover fraudulently transferred assets located in another state is unquestionable, but this truism does not resolve the issue as to the authority of this court to issue an order of attachment under the New York CPLR, as made applicable by

FRCP 64 and Bankruptcy Rule 764, with respect to the nondebtors' property in Texas.

Since the trustee has invoked the New York attachment remedy under its CPLR, that provisional remedy is available to the trustee only under the circumstances and in the manner provided by the law of New York, as incorporated under FRCP 64 and Bankruptcy Rule 764. *Glaser v. North American Uranium and Oil Corp.*, 222 F.2d 552 (2d Cir. 1955); *Usdan v. Dunn Paper Company*, 392 F.Supp. 953 (E.D.N.Y.1975); *Worldwide Carriers, Ltd. v. Aris Steamship Co.*, 312 F.Supp. 172 (S.D.N.Y.1970); 7 *Moore, Fed. Practice* § 64.04[3] p. 64–13. There is no authority under the New York CPLR for the issuance of an order of attachment to an officer in another state with respect to property located in that state. Apart from the New York CPLR, as incorporated under FRCP 64 and Bankruptcy Rule 764, there could be no attachment of the defendants' property even in New York, since provisional remedies "are in derogation of the common law . . . [and] must be strictly construed." *General Electric Credit Corp. v. Waukesha Building Corp.*, 259 F.Supp. 958 at 962 (W.D.Ark.1966). The court there held that under the law of Arkansas a garnishment not expressly authorized by statute was void and the writ of garnishment directed to the United States Marshal in Tennessee was void on its face.

■ It is noted that Bankruptcy Rule 704(f) has extended territorial scope of process, except for subpoenas, in bankruptcy cases so that process "may be served anywhere within the United States." That a federal statute authorizes extraterritorial service of process does not mean that provisional remedies, which are governed by state laws, may also have extraterritorial efficacy.

In a strikingly similar situation in *Paul H. Aschkar & Company v. Curtis*, 327 F.2d 306 (9 Cir. 1963, Rehearing Den. 1964), another federal statute, i.e., the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, was involved. This statute provided that "process in such cases may be served in any other

district of which the defendant is an inhabitant or wherever the defendant may be found." Thus, 15 U.S.C. § 78aa authorized the district court in the forum State of California to issue a summons which, when served on the defendant in New York, subjected him to the in personam jurisdiction of the California court. However, apart from the issue of personal jurisdiction, the issue to be resolved was whether Congress also intended by the use of the word "process" in the federal statute to include writs of attachment so as "to confer upon district courts a power to reach and control property and debts situated beyond the territorial limits of the states in which they are located." The court concluded that judicial assertion of extraterritorial attachment jurisdiction through an interpretation of "process" in 15 U.S.C. § 78aa cannot be supported on the basis of legislative intent and said: (page 310)

> "Even more particularly is this so where, as here, the extension sought would permit the law of the forum state to be imposed abroad with respect to matters upon which state law are greatly divergent. Under Rule 64, F.R.C.P. the law of the forum will determine "the circumstances and * * * manner" in which attachment is available. Thus it would control in respect to such matters, among others, as the type of claim warranting attachment, the bond and affidavit requirements, property exempted from attachment, and the circumstances under which property may be released from attachment."

The provisional remedy of attachment authorized under the New York CPLR § 6201 et seq. simply does not by its terms extend beyond the territorial boundaries of New York. Moreover, Bankruptcy Rule 704(f) deals only with the service of process and does not govern nor enlarge the service of writs of attachment which are issued pursuant to state provisional remedy statutes. Although FRCP 64 and Bankruptcy Rule 764 incorporate the provisional remedies available in the forum state, these rules do not broaden the remedies nor make them available beyond their territorial limitations. It therefore must be concluded that this court is not authorized to issue a warrant of attachment, as requested by the trustee in bankruptcy, directed to a United States Marshal in Texas that relates to property of the nondebtor defendants in that state.

## CONCLUSIONS OF LAW

This court has no jurisdiction over the plaintiff Walde's adversary proceeding against the nondebtor defendants within the meaning of 28 U.S.C. § 1471(b) and (c) because the action is not a civil proceeding arising under or related to a case under title 11. Therefore, not only will a writ of attachment not issue in favor of Walde, but the court hereby dismisses its complaint.

While this court has jurisdiction over the trustee's adversary proceeding to recover property from the defendants on behalf of the estate, it is not empowered to issue a writ of attachment with extraterritorial efficacy so as to reach property of the defendants beyond the borders of the forum state. Therefore, the trustee's application for a writ of attachment directed to a United States Marshal in Texas is denied.

IT IS SO ORDERED.