In the Matter of DANIELE LAUNDRIES, INC., Debtor.

In the Matter of DANIELE LINEN SUPPLY, INC., Debtor.

BEST MANUFACTURING, INC., Petitioner,

v.

WHITE PLAINS COAT & APRON COMPANY, INC., Jaymont Linen Supply, Inc. and Jaymont Laundry, Inc., Respondents,

Daniele Linen Supply, Inc., Judgment Debtor.

Bankruptcy Nos. 83 B 20373, 83 B 20374. 83 ADV. 6152.

United States Bankruptcy Court, S.D. New York.

Nov. 21, 1983.

Sidney Turner, White Plains, N.Y., for Trustee.

Javits, Hinckley, Rabin & Engler, New York City, for Best Manufacturing, Inc.

Fensterheim & Fensterheim, New York City, for White Plains Coat & Apron Company, Inc., et al., etc.

## DECISION ON APPLICATION TO REMAND

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The petitioner, Best Manufacturing, Inc. ("Best"), a judgment creditor, seeks to have remanded its state court action, which charges that the debtor, Daniele Linen Supply, Inc., made certain fraudulent transfers of its assets to the nondebtor respondents in violation of the New York Bulk Transfers Law, N.Y.U.C.C. §§ 6–101 to 112 (McKinney 1964 & Supp.1982–1983). The petitioner's major premise is that the bankruptcy court lacks jurisdiction over this removed case because the petitioner only seeks damages from the nondebtor respondents and not from the bankruptcy estate. Additionally, the petitioner argues that the state action should be remanded because the trustee's application for removal to this court was untimely, in that it was filed more than 30 days after the order for relief. This was the allowable period for removal under Interim Bankruptcy Rule 7004(a)(3) which was in effect at the time the trustee's removal application was filed.

### FACTS

The petitioner, Best, had a judgment entered in the Supreme Court of the State of New York, County of New York on March 11, 1982 in the amount of $67,579.64 against the debtor, Daniele Linen Supply, Inc., for unpaid bills. Thereafter, Best obtained information which led it to believe that the debtor had fraudulently transferred its assets to the nondebtor respondents, Jaymont Linen Supply, Inc., Jaymont Laundry, Inc. and White Plains Coat & Apron Company, Inc. Accordingly, Best commenced an action against the debtor and the nondebtor respondents in the New York Supreme Court for Westchester County on June 11, 1982, charging that:

The aforesaid transfers of the assets of Daniele to White Plains, Jaymont Linen and Jaymont Laundry were "bulk transfers," and not in the ordinary course of Daniele's business, of a major part of the materials, supplies, merchandise, inventory and equipment of Daniele. As such, said transfers are within the scope of Article 6 of the Uniform Commercial Code of the State of New York and require ten days' notice to creditors prior to such transfer pursuant to Section 6–105 of the Uniform Commercial Code of the State of New York.

Petitioner has to date received no notice of any of the aforesaid transfers. The transfers are, therefore, pursuant to Section 6–105 of the Uniform Commercial Code of the State of New York, void and ineffective against the petitioner.

Order to Show Cause at 4, *Best Manufacturing, Inc. v. White Plains Coat & Apron Company, Inc.*, No. 10814/82 (N.Y.Sup.Ct. West. June 11, 1982).

In the state court action, Best sought an order—

(a) declaring all of the transfers of the assets of the judgment debtor, Daniele Linen Supply, Inc., to respondents White Plains Coat & Apron Company, Inc., Jaymont Linen Supply, Inc. and Jaymont Laundry, Inc. null and void as against the petitioner and judgment creditor, Best Manufacturing, Inc.; and

(b) awarding reasonable counsel fees in favor of the petitioner and against the judgment debtor and the respondents pursuant to § 276(a) of the Debtor and Creditor Law; and

(c) directing the respondents to deliver and turn over to the Sheriff of Westchester County the aforesaid property of the

judgment debtor, Daniele Linen Supply, Inc., that was transferred to the respondents White Plains Coat & Apron Company, Inc., Jaymont Linen Supply, Inc. and Jaymont Laundry, Inc. and any assets remaining in the possession of the judgment debtor; and for the Sheriff to execute on so much of said property as is of sufficient value to satisfy the outstanding judgment in favor of the petitioner and against the respondent and judgment debtor, Daniele Linen Supply, Inc., in the amount of $67,579.64, together with interest from March 11, 1982, poundage, fees, disbursements, costs and any reasonable attorneys' fees awarded to the petitioner in this proceeding . . . .

*Id.* at 2–3.

On June 16, 1982, several days after the commencement of the state court action, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the debtor, Daniele Linen Supply, Inc. Best asknowledged at that time in the state court, and acknowledges in this court, that the automatic stay under Code § 362 precludes Best from seeking any relief against the debtor, or from any of the assets of the debtor. However, Best asserts that it has the right to obtain an independent judgment for money damages against the nondebtor respondents in the state court action based upon the alleged fraudulent conduct of the respondents against Best. This independent right is premised on the state court's ruling on the nondebtor respondents' argument that the state court action subjected them to multiple liabilities for the same actions. However, the state court merely stated on December 16, 1982, in pertinent part, as follows:

However, this proceeding cannot be decided upon the papers submitted. An issue of fact has been raised in regard to the transfer of assets without adequate consideration which requires a hearing. *Best Manufacturing, Inc. v. White Plains Coat & Apron Company, Inc.,* No. 10814/82 (N.Y.Sup.Ct. West. Dec. 16, 1982) (order).

Thereafter, the nondebtor respondents attempted to implead the debtor's trustee in bankruptcy in the state court action. The trustee successfully moved to dismiss the third-party action and stated in an affidavit sworn to on May 10, 1983:

The proceeding within which Petitioner (Best Manufacturing, Inc.) seeks recovery from respondents (White Plains Coat & Apron Co., Inc., Jaymont Linen Supply, Inc. and Jamont [sic] Laundry, Inc.) is one that involves matters that are wholly separate from the interest of the debtor (Daniele Linen Supply, Inc.) and the estate of the debtor and therefore are of no consequence to the debtor.

Affidavit of Sidney Turner in Support of Motion to Dismiss Impleader, *Best v. White Plains Coat & Apron,* No. 10814/82 (N.Y. Sup.Ct.West. May 10, 1983).

Subsequently, the debtor's trustee in bankruptcy concluded that the debtor's assets were in fact at issue in the state court action. Therefore, pursuant to an amended application for removal, dated September 20, 1983, approximately nine months after the order for relief was entered against the debtor,[1] Daniele Linen Supply, Inc., the trustee in bankruptcy removed the petitioner's state court action to this court. The trustee also removed to this court other related state court actions arising out of the same questioned transfers by the debtor.[2]

---

1. An order for relief was entered by the court against the debtor in this involuntary case on December 15, 1982. *See* 11 U.S.C. § 303(h) (1982).

2. One of the removed actions is captioned as "Dolores Gallo Individually and as a Shareholder of Daniele Linen Supply, Inc. and Daniele Linen Service Corp., Plaintiffs, against Daniele Linen Supply, Inc., Jaymont Equities Inc., Jaymont Linen Supply, Inc., and Sea Crest Linen Supply Company, Inc., Defendants." (Index

13339–82). Another removed action is captioned as "Daniels Linen Service Corp., Plaintiff, against Daniele Laundries, Inc., Defendant, by original summons, and between Daniele Laundries, Inc., Counterclaim-Plaintiff, against Daniels Linen Service Corp., Thomas Gallo, Dolores D. Gallo, John Doe #'s 1 25, being all attorneys, accountants, consultants, and other agents acting in concert with the other Counterclaim-Defendants named herein, Counterclaim Defendants." (Index 1564/82).

The petitioner now seeks to have its action remanded to the state court pursuant to 28 U.S.C. § 1478(b), which provides that, "[t]he court in which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Best contends that the trustee will not be prejudiced by permitting Best to pursue its independent claims against the nondebtor respondents in the state court action.

## TIMELINESS OF REMOVAL

■ Best asserts that the trustee's removal of Best's state court action against the debtor and the nondebtor respondents on September 20, 1983 was not within 30 days after the order for relief was entered against Best on December 15, 1982, as required by· Interim Rule 7004(a)(3). This position elides the fact that on September 20, 1983, the controlling procedural rule governing removal was Bankruptcy Rule 9027(a)(2), which took effect on August 1, 1983. As of the effective date, the newly prescribed rules apply "to proceedings then pending," as stated in the order entered by the Supreme Court of the United States, dated April 25, 1983. *See* Fed.R.Bankr.P., 11 U.S.C.A. at 5 (Supp.1983).

Rule 9027(a)(2) governs the situation in which there is litigation pending at the time that a party to the litigation becomes a debtor under the Bankruptcy Code. It permits removal of the pending case to the bankruptcy court within the largest of three alternatives:

*Rule 9027. Removal*

(a) APPLICATION.

(2) TIME FOR FILING; CIVIL ACTION INITIATED BEFORE COMMENCEMENT OF THE CASE UNDER THE CODE. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, an application for removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

*Id.* at 293.

In view of the fact that this is not a Chapter 11 case, clause (C) is clearly inapplicable. Additionally, because the trustee's removal application was filed more than 90 days after the order for relief was entered against the debtor, the removal period under clause (A) had lapsed. Turning next to clause (B), it is evident that no order has yet been entered terminating the automatic stay to which the estate is entitled under Code § 362. Therefore, the debtor's trustee in bankruptcy is not barred from seeking removal because clause (B), which in this case provides the longest removal period of the three alternatives, permits the removal of pending litigation as long as the applicable stay is still in effect. This point is made clear by the advisory committee note accompanying Rule 9027(a)(2) which states:

As long as the stay remains in effect there is no reason to impose a time limit for removal to the bankruptcy court and, therefore, clause (B) of subdivision (a)(2) provides that a removal application may be filed within 30 days of entry of an order terminating the stay. Parties to stayed litigation will not be required to act immediately on commencement of a case under the Code to protect their right to remove.

Fed.R.Bankr.P. 9027(a)(2) advisory committee note, 11 U.S.C.A. at 299 (Supp.1983). Manifestly, Best's challenge, addressed to the timeliness of the trustee's removal application, falls short of its mark since the automatic stay is still effective in the state court action.

## JURISDICTION

■ The trustee's authority for removing to this court Best's state court action against the debtor and the nondebtor defendants is derived from 28 U.S.C. § 1478(a) which authorizes a party to "remove any claim or cause of action in a civil

action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action."

The petitioner, Best, concedes that its claim against the debtor and the nondebtor respondents to recover the assets transferred by the debtor is within the jurisdiction of this court and is stayed by Code § 362. However, Best argues that it also may obtain alternative relief solely against the nondebtor respondents for money damages only and that such alternative claim does not relate to the debtor's bankruptcy case and falls outside the jurisdiction of this court.

Under 28 U.S.C. § 1471(b), the district courts are given "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or *related to* cases under title 11." (emphasis added) In response to the unconstitutional grant of power to the bankruptcy courts, as determined by the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the district courts, including the District Court for the Southern District of New York, adopted an Emergency Rule recommended by the Judicial Conference. The rule contains an automatic referral of "related to" jurisdiction to the bankruptcy courts and circumscribes their jurisdiction as follows:

> In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.

*See* Emergency Resolution § (d)(3)(B), NYLJ, Sept. 30, 1982 at 36, col. 2.

The petitioner, Best, does not question the validity of the Emergency Rule, perhaps in the knowledge that no circuit court of appeals has sustained a jurisdictional challenge to the efficacy of the rule. *See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190 (3rd Cir.1983); *White*

*Motor Corp. v. Citibank N.A.,* 704 F.2d 254 (6th Cir.1983); *Braniff Airways, Inc. v. Civil Aeronautics Board,* 700 F.2d 214 (5th Cir.), aff'g, 27 B.R. 231 (N.D.Tex.), cert. denied, —— U.S. ——, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983). *But see Romeo J. Roy Inc. v. Northern National Bank,* 32 B.R. 1008, 10 B.C.D. 1392 (D.C.Me.1983); *In re South Portland Shipyard and Marine Railways Corp.,* 32 B.R. 1012, 10 B.C.D. 1385 (D.C.Me.1983). However, Best argues that its alternative claim against the nondebtor respondents does not "relate to" the debtor's bankruptcy case and does not affect either the debtor or its assets. Hence, Best reasons that such action is beyond the pale of this court's jurisdiction over "related to" cases.

Best cites this court's decision in *Murdock v. Allina (In re Curtina International, Inc.),* 15 B.R. 993 (Bkrtcy.S.D.N.Y.1981), in support of its position that its action for money damages against the nondebtor respondents does not "relate to" the debtor's bankruptcy case. In *Curtina,* a trade creditor sought to pierce the debtor's corporate veil and attach property of its nonresident principals who had allegedly obtained merchandise by using the debtor corporation as their alter ego. This court held that it lacked jurisdiction over the nondebtor principals and that the creditor's claim did not relate to the bankruptcy case. *Id.* at 998. The debtor's trustee in bankruptcy had no interest in the controversy between the creditor and the individual principals of the debtor since the creditor neither sought to recover assets for the estate nor from the estate. *Id.* at 995.

In the instant case, Best's claim for unpaid bills does not involve the liability of the nondebtor respondents. That claim has already been established by the judgment that Best obtained against the debtor. Best now wishes to satisfy its judgment against the debtor, without being bound by the equal distribution doctrine applicable to all creditors of the estate, by looking to the nondebtor respondents for payment. However, Best's entitlement to payment of its claim from the nondebtor respondents is predicated on the theory that the debtor

fraudulently transferred property of the estate to the nondebtor respondents. Best may not appropriate a cause of action that should be equally available for the benefit of all the creditors of this estate to satisfy its own claim against the debtor and then be heard to say that such action is not "related to" the debtor's bankruptcy case. Indeed, if Best is permitted to bifurcate its state court action against the debtor and the nondebtor defendants, it is conceivable that the nondebtor defendants could be subjected to double liability. These alleged transferees might be required to pay money damages to Best in the state court action and then also be required to return the transferred assets to the trustee in bankruptcy in this court for the benefit of all the debtor's creditors. This court's refusal to remand the removed action to the state court will prevent the possibility of such an occurrence.

The state court action which the judgment creditor, Best, commenced against the debtor and the nondebtor respondents to recover for the debtor's allegedly fraudulent transfer of assets to the nondebtor respondents clearly "relates to" the bankruptcy case involving the debtor, Daniele Linen Supply, Inc. To the extent that Best recovers any of the debtor's assets, it does so for the benefit of the debtor's estate and not solely for Best's own interests. To the extent that Best may have an alternative independent cause of action solely against the nondebtor respondents, any recovery in such action must implicate the assets of the debtor because Best's claim is based upon the debtor's transfer of such assets.

Best's so-called independent cause of action against the nondebtor respondents has not been expressly recognized in the state court, where it was merely ruled that Best's claim "cannot be decided upon the papers submitted." However, even if Best could sue the nondebtors for the recovery of money damages only, such action is so inextricably connected with the trustee's right to recover the debtor's transferred assets arising out of the same facts that the nondebtor respondents face the threat of double liability. In these circumstances, Best's

state court action against the nondebtor respondents must be regarded as "related to" the debtor's bankruptcy case for jurisdictional purposes.

### CONCLUSIONS OF LAW

1. The removal application filed by the trustee in bankruptcy on September 20, 1983 with respect to Best's state court action against the debtor and the nondebtor respondents was timely filed in accordance with Bankruptcy Rule 9027(a)(2)(B) because the applicable stay under Code § 362 is still in effect.

2. Best's state court action against the debtor and the nondebtor respondents in which Best seeks to recover a money judgment only against the nondebtor respondents "relates to" the debtor's bankruptcy case within the meaning of 28 U.S.C. § 1471(b) and Emergency Rule § (d)(3)(B) for jurisdictional purposes.

3. Best's application to remand the removed state court action pursuant to 28 U.S.C. § 1478(a) is denied.