**In re R.H.N. REALTY CORP., Debtor.**

**Erwin R. GOLDMAN, as Trustee of R.H.N. Realty Corp., and Rednel Tower, Ltd., Plaintiffs,**

v.

**HAVERSTRAW ASSOCIATES, Nathan Wagner, Joel Greenberg, Jay Felner, Sigmund Lefkovitz and Irving Lefkovitz, individually and d/b/a Haverstraw Associates, Defendants.**

Bankruptcy No. 85 B 20201.
Adv. No. 87 6005.

United States Bankruptcy Court,
S.D. New York.

April 4, 1988.

Serchuk, Wolfe & Zelermyer, White Plains, N.Y., for plaintiff, Rednel Tower, Ltd.

Erwin R. Goldman, as trustee of R.H.N. Realty Corp., New York City, pro se.

Cole & Deitz, New York City, for defendants, Haverstraw Associates, et al.

## MOTION TO DISMISS COMPLAINT AND PLAINTIFFS' CROSS–MOTION TO ADD CO–DEBTORS AND FOR CONSOLIDATION

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The defendants, Haverstraw Associates, a partnership, and various individual members of the partnership, moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) to dismiss the joint adversary complaint filed by the trustee in bankruptcy of the debtor, R.H.N. Realty Corp., and Rednel Tower, Ltd., an assignee of a bank which holds a mortgage deficiency judgment against the debtor. The defendants were sued by the plaintiffs as the alter egos of the debtor corporation.

The plaintiffs cross-moved to amend the involuntary petition to add the partnership, Haverstraw Associates, as a co-debtor and to consolidate Haverstraw's assets with those of the debtor, R.H.N. Realty Corp.

The complaint alleges that in July of 1971, the debtor corporation entered into a written agency agreement with Haverstraw Associates ("Haverstraw"), a partnership organized under the laws of the State of Illinois. The plaintiffs allege that the agreement provides that the debtor was to acquire title to premises known as Riverside Nursing Home in Haverstraw, New York, as the nominee of the Haverstraw partnership, and that the debtor was to have no beneficial ownership of the premises, but was to hold nominal legal title in the property for the benefit of Haverstraw. It is also alleged that Citizens Savings Bank F.S.B. ("Citizens") loaned the debtor $2,400,000.00, for the construction of a nursing home and took back a mortgage on the property to secure the loan. It is further alleged that the debtor executed the mortgage and promissory note as the authorized agent for Haverstraw, which was an undisclosed principal. The debtor defaulted on its mortgage obligations to Citizens, with the result that Citizens commenced a mortgage foreclosure action against the debtor and others in the New York Supreme Court, Rockland County, in 1977.

On April 25, 1985, Citizens filed with this court an involuntary petition for relief against the debtor under Chapter 7 of the Bankruptcy Code. An order for relief was thereafter entered and a trustee in bankruptcy was appointed. On September 23, 1985, pursuant to a notice and hearing, this court modified the automatic stay in accordance with 11 U.S.C. § 362(d) so that Citizens could proceed with its mortgage foreclosure action. On November 26, 1985, a judgment of foreclosure was entered in the State Court in favor of Citizens. Thereafter, Citizens assigned its judgment to the plaintiff, Rednel Tower, Ltd. ("Rednel"). Rednel then filed an amended proof of claim in the amount of the deficiency judgment.

The first claim in the complaint is asserted by Rednel alone. Rednel alleges that the debtor did not have any capitalization, business address, telephone number, employees, bank accounts or books apart from those of Haverstraw. Rednell alleges that all income and rents were transmitted by the debtor directly to Haverstraw, so that the debtor was a mere shell controlled by Haverstraw. Rednell also alleges that the debtor and Haverstraw are alter egos so that Haverstraw and its individual partners are liable to Rednel for the deficiency judgment.

The second claim in the complaint is asserted solely by the trustee in bankruptcy of the debtor and alleges that by reason of the debtor's relationship with Haverstraw, the assets of Haverstraw and of its partners (to the extent of their liability for partnership debts) constitute property which must be turned over or paid to the trustee pursuant to 11 U.S.C. § 542.

358

The third claim in the complaint is also asserted solely by the trustee. The trustee alleges that under the terms of the agency agreement, and under common law principles of agency, Haverstraw is obligated to indemnify the debtor and to pay the deficiency judgment owed by the debtor to Rednel.

## THE CROSS–MOTION

■ The motions will be addressed in reverse order because the plaintiffs' cross-motion can be disposed of quickly. The issue is not whether the Haverstraw partnership and its individual partners are liable to the plaintiffs as the alter egos of the debtor. What the plaintiffs seek to do is to amend the involuntary Chapter 7 petition, *nunc pro tunc*, to add the Haverstraw partnership and its individual partners as co-debtors for the purpose of substantively consolidating their partnership assets with those of the debtor for distribution in bankruptcy. Manifestly, consolidation is authorized when the affairs of the parties are so entwined as to make it impossible to administer them as separate entities. *James Talcott, Inc. v. Wharton (In re Continental Vending Machine Corp.)*, 517 F.2d 997 (2d Cir.1975), *cert. denied* 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976); *Flora Mir Candy Corp. v. R.S. Dickson & Co., (In re Flora Mir Candy)*, 432 F.2d 1060 (2d Cir.1970); *Chemical Bank New York Trust Co. v. Kheel*, 369 F.2d 845 (2d Cir. 1966); *In re Crabtree*, 39 B.R. 718 (Bankr. E.D.Tenn.1984). However, the court should be most circumspect in consolidating separate entities.

The power to consolidate should be used sparingly because of the possibility of unfair treatment of creditors of a corporate debtor who have dealt solely with that debtor without the knowledge of the interrelationship with others.

*Chemical Bank of New York Trust Company v. Kheel*, 369 F.2d at 847.

■ In the instant case, the plaintiffs presented no evidence. There was no way that this court could determine without proof that the interrelationship of the Haverstraw partnership and the debtor corporation was so hopelessly obscured that the financial affairs of the partnership could not be unscrambled from those of the debtor corporation. Indeed, the proposed consolidation would certainly threaten the position of Haverstraw's creditors who were not aware of its involvement with the debtor. By focusing only on the debtor's interrelationship with the Haverstraw partnership, the plaintiffs ignore the fact that their requested consolidation would subject Haverstraw's creditors to a *nunc pro tunc* prejudicial treatment. Indeed, *nunc pro tunc* consolidation is viewed with disfavor. *Drabkin v. Midland–Ross Corporation (In re Auto–Train Corp., Inc.)* 810 F.2d 270, 275–78 (D.C.Cir.1987).

Moreover, the order for relief has already been entered against the debtor corporation. To amend the caption so as to add Haverstraw as a co-debtor would deprive Haverstraw of the opportunity of contesting the involuntary petition, as permitted under 11 U.S.C. § 303(d) and (h). This procedure offends the fundamental due process requirements of the Fourteenth Amendment. *See Mullane v. Central Hanover Bank and Trust Company*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). For this reason alone, the plaintiffs' cross-motion must be denied.

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

In considering a motion to dismiss a complaint under Fed.R.Civ.P. 12, the court accepts as true all of the well-pleaded facts alleged in the complaint. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bloor v. Carro, Spanbock, Londin, Rodman & Fass*, 754 F.2d 57 (2d Cir.1985).

■ In the first claim in the complaint, Rednel, the assignee of the mortgagee bank's judgment of foreclosure, seeks to collect its deficiency judgment from the nondebtor Haverstraw partnership and from its nondebtor partners, on the theory that they are the debtor's alter egos. Had Rednel sued the nondebtor defendants in a separate action, the debtor's trustee in bankruptcy might have argued that an alter ego cause of action implicates a pierc-

ing of the debtor corporation's veil in order to hold the non-debtors liable for the corporate debtor's obligation. In such case, it might be argued that the automatic stay imposed under 11 U.S.C. § 362(a) applies to the alter ego action. Some courts have recognized that in very limited circumstances the automatic stay imposed under 11 U.S.C. § 362(a) may apply to actions against nonbankrupt defendants, especially if the stay contributes to the debtor's efforts to achieve rehabilitation. *S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc, (In re S.I. Acquisition, Inc.)* 817 F.2d 1142 (5th Cir.1987); *Teachers Insurance and Annuity Association of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986); *In re Johns–Manville Corp.*, 33 B.R. 254, 263–64 (Bankr.S.D.N.Y. 1983). However, this court need not tarry with the application of the automatic stay because the debtor in the instant case does not seek rehabilitation. This is a liquidation under Chapter 7 of the Bankruptcy Code. Moreover, the automatic stay had previously been modified by this court in order to allow the enforcement of the mortgage obligation, which is the subject of the first claim asserted by Rednel in the complaint. Thus, the cases cited by the plaintiffs with respect to what constitutes property of the debtor's estate for the purpose of interpreting the automatic stay are inapposite.

Rednel's claim against the nondebtor defendants as alter egos of the debtor for monies owed under its deficiency judgment against the debtor does not amount to a recovery of assets for the debtor's estate or from the debtor's estate. The mortgage foreclosure proceedings commenced by the bank and continued by Rednel, as assignee of the bank, stripped the debtor of its only asset. Hence, this is a no-asset case and the debtor's general unsecured creditors will receive no distribution. Accordingly, Rednel's pursuit of its deficiency claim against the nondebtor Haverstraw partnership and its individual partners will not produce any benefits for the creditors of this estate, nor will such action detract from their zero distribution prospects.

This aspect is factually similar to the cause of action asserted in a private controversy between a third-party plaintiff and nondebtor defendants in *Murdock v. Allina (In re Curtina International, Inc.)*, 15 B.R. 993 (Bankr.S.D.N.Y.1981), wherein this court dismissed the private plaintiff, Walde's, action for lack of jurisdiction because the action did not arise under title 11, nor was it related to a case under title 11. This court said:

> Although Walde bottoms its claim against the nondebtor defendants on the theory of piercing the debtor's corporate veil, it inflicts no wound upon the debtor nor will it draw any blood from this stone.

*Murdock v. Allina (In the Curtina International, Inc.)*, 15 B.R. at 995. Similarly, in *Wayne Film Systems v. Film Recovery Systems*, 64 B.R. 45, 50 (N.D.Ill.1986), the District Court noted that the plaintiff sought to recover sums from third-party defendants on its own behalf and did not request in the complaint that any recovery from the defendants be added to the bankruptcy estate and shared among the debtor's creditors. The court concluded that where a claim is brought by a creditor against nondebtor defendants that would neither increase nor deplete the bankruptcy estate, no bankruptcy jurisdiction existed over such claim because it did not arise under title 11 nor was it related to a case under title 11. *Accord In re Ennis*, 50 B.R. 119, 121 (Bankr.D.Nev.1985). The original but not exclusive jurisdiction which is conferred upon District Courts pursuant to 28 U.S.C. § 1334(b), and which may be referred to Bankruptcy courts under 28 U.S.C. § 157(a), pertains only to civil proceedings arising under title 11, or arising in or related to cases under title 11. *See Turner v. Ermiger (In re Turner)*, 724 F.2d 338 (2d Cir.1983). Accordingly, the court lacks jurisdiction over this claim and it must be dismissed.

### THE TRUSTEE'S CLAIMS

█ In the second claim in the complaint, the trustee seeks a turnover under 11 U.S. C. § 542 of the assets of the Haverstraw

partnership and of the assets of the individual partners to the extent of their liability for partnership debts. The trustee completely ignores the fact that neither the Haverstraw partnership nor its individual partners are debtors under the Bankruptcy Code and that he is not their trustee in bankruptcy. Indeed, even if the Haverstraw partnership were to become a debtor under the Code, its trustee in bankruptcy would not be able to assert the so-called strong arm powers under 11 U.S.C. § 544 against nondebtor partners because under 11 U.S.C. § 723(a) a partnership trustee merely has a right to be a holder of a claim against each general partner for deficiency claims against the partnership. Moreover, in accordance with 11 U.S.C. § 723(b), the trustee must first seek recovery of such deficiency from nondebtor partners.

The trustee does not allege that the individual nondebtors are liable to the estate for failing to make capital contributions to a debtor partnership and that such contributions were property of the estate, as in *In re Lion Capital Group*, 46 B.R. 850 (Bankr.S.D.N.Y.1985), *aff'd* on other grounds, 63 B.R. 199 (S.D.N.Y.1985). The trustee simply contends that the assets of the defendants are property of the estate because of an alleged alter ego relationship. Simply put, the trustee seeks to pierce his own debtor's corporate veil for the benefit of its creditors. In *S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc. (In re Acquisition, Inc.)*, 817 F.2d at 1159, the court stated in *dictum* that Eastway's alter ego action was a right of action belonging to the debtor, and then held that the automatic stay barred Eastway from proceeding with its state court action. In footnote 13, the court said that Eastway could ask the bankruptcy court to lift the automatic stay, and that this procedure would ensure that all of the debtor's creditors would receive notice of Eastway's allegations so as to prevent any preferential benefit to any one creditor. In the instant case, the automatic stay has already been lifted and all creditors of the debtor are free to sue the nondebtor defendants independently of this bankruptcy case.

A turnover action under 11 U.S.C. § 542 contemplates that specific property of the estate is in the possession of third parties and should be returned to the debtor or the trustee as property of the estate. Here, the trustee is seeking to recover all of the assets of the nondebtor partnership for administration and distribution in this case because of the alleged alter ego relationship. The trustee does not point to the transfer of any specific property of the nondebtor defendants that should be returned. Pursuant to the strong-arm powers under 11 U.S.C. § 544, a trustee may avoid transfers of, or liens and encumbrances on, the debtor's property. Similarly, the debtor may obtain preferential transfers under 11 U.S.C. § 547(b); avoid fraudulent transfers and obligations under 11 U.S.C. § 548, and post-petition transfers under 11 U.S.C. § 549. Here, the trustee does not allege any impermissible transfer; he simply imputes the obligations of all of the nondebtor defendants to this estate and its creditors regardless of any transfers and because of an alleged alter ego relationship.

It is clear that the legal and equitable interests of the debtor which a trustee in bankruptcy must administer under 11 U.S.C. § 704 do not include the assets of nondebtor defendants. Nowhere in the statutory scheme is there any authority for a trustee in bankruptcy to assume the responsibility of suing nondebtor third parties on behalf of creditors of the estate by reason of an alter ego relationship and thereby preempt similar suits by the creditors of the debtor corporation. *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972); *Mixon v. Anderson, (In re Ozark Restaurant Equipment Co., Inc.)*, 816 F.2d 1222 (8th Cir.1987). The corporate veil is never pierced for the benefit of the corporate debtor. *See* 1 Fletcher Cyclopedia on the Law of Private Corporations § 41.10 at 397 (1983). A Chapter 7 trustee simply does not have standing to bring an alter ego cause of action on behalf of the debtor's creditors.

■ In the third claim in the complaint, the trustee alleges that Haverstraw is obli-

gated to indemnify the debtor and to pay the deficiency judgment owed by the debtor to the co-plaintiff, Rednel. The debtor has not paid the deficiency judgment and will not pay any portion of that judgment because this is a no-asset case. Therefore, there is not, nor will there be, any indemnification claim by the trustee against the nondebtor defendants. The trustee is simply attempting to collect the deficiency claim against these defendants for the benefit of Rednel. This function is not one of the trustee's duties delineated under 11 U.S.C. § 704. Accordingly, the trustee has no standing to assert the causes of action in the second and third claims in the complaint and this court lacks jurisdiction to hear them.

### CONCLUSIONS OF LAW

1. This court lacks jurisdiction under 28 U.S.C. § 1334 to entertain the causes of action asserted in the complaint.

2. The defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) is granted.

SETTLE ORDER on notice.