**In re HARRY C. PARTRIDGE JR. & SONS, INC., Rockland Architectural Metal Specialty Supply, Inc., Debtor.**

**Max M. GOLDHABER, As Trustee in Bankruptcy of Harry C. Partridge, Jr. & Sons, Inc., Rockland Architectural Metal Specialty Supply, Inc., Plaintiff,**

v.

**TRI–EQUITIES, INC., Defendant.**

**Bankruptcy Nos. 84 B 20398, 84 B 20496 and 87ADV.6175.**

United States Bankruptcy Court, S.D. New York.

April 3, 1990.

See also, Bkrtcy., 43 B.R. 669.

Hitsman, Hoffman & O'Reilly, Elmsford, N.Y., for Tri–Equities, Inc.

Robert P. Herzog, New York City, for plaintiff.

## DECISION ON MOTION TO DISMISS COMPLAINT AND TO CANCEL LIS PENDENS

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The defendant, Tri–Equities, Inc., has moved pursuant to Fed.R.Civ.P. 12(b)(6), as adopted by Bankruptcy Rule 7012(b), for an order dismissing the complaint filed by the trustee in bankruptcy of the above captioned consolidated debtors. The defendant maintains that the trustee's complaint in his adversary action against the defendant fails to state a cause of action for which the requested relief may be granted. The defendant also seeks an order cancelling and vacating the notice of pendency (*lis pendens*) filed by the trustee with the New York County Clerk with respect to property owned by the defendant on Broome Street in the City and County of New York.

The complaint filed by the trustee in bankruptcy of the above captioned debtors seeks a turnover of the Broome Street property under 11 U.S.C. § 542 on the ground that this building constitutes property of the estates of the two consolidated debtors within the meaning of 11 U.S.C. § 541. The trustee seeks to pierce the corporate veil of the debtor corporations and the defendant corporation on the theory that these corporations were dominated by Harry C. Partridge, Jr. and his family who were the principal shareholders of all three corporations. It is alleged in the complaint that at various times one or the other debtor corporation under the control of the Partridge family advanced money to the defendant corporation, paid its creditors directly in connection with renovations at the Broome Street property, paid labor costs in connection with the Broome Street property, paid sub-contractors and materialmen on behalf of the defendant corporation, disregarded all aspects of the separate corporate existence of the defendant corporation and comingled substantially all of the corporate liabilities and obligations of the debtor corporations and the defendant corporation. The complaint also alleges that the debtor corporations treated the funds of the defendant corporation as their own, and used the funds of these corporations interchangeably without distinction or regard as to their source or ownership. Hence, the trustee concludes that the defendant corporation is the alter ego of the debtor corporations, with the result that the Broome Street property should be regarded as property of the debtors' estates for turnover purposes.

The complaint requests the following relief:

A. Directing the defendant to turn over, transfer and re-convey title and possession of the Broome St. Real Property to plaintiff; and/or

B. Impressing a constructive trust upon the Broome St. Real Property for the benefit of plaintiff and plaintiff's creditors; and/or

C. Setting aside the conveyance of the Broome St. Real Property to defendant and directing re-conveyance to the plaintiff; and/or

D. Piercing the corporate veil of the defendant and declaring that all of the defendants' property, real and personal,

wherever situated, to be property, the ownership of which is legally and equitably vested nunc pro tunc in the plaintiff; and

E. Granting the plaintiff such other further and different relief as to this Court may seem just and proper, together with plaintiff's costs & expenses.

The defendant's answer denies the essential allegations in the complaint and asserts the following five affirmative defenses:

8. Upon information and belief, this Court lacks personal jurisdiction over the person of the defendant.

9. The complaint fails to state a cause of action for which the requested relief may be granted.

10. Each of the claims set forth in the complaint are barred by the applicable Statute of Limitations.

11. The plaintiff does not have standing to bring the instant claim against the defendant.

12. The plaintiff has failed to name all of the necessary parties to the instant action.

### Alleged Failure To State a Cause of Action

Fed.R.Civ.P. 12(b) provides that a motion raising defenses to claims asserted in a complaint should be made before an answer is served. However, Fed.R.Civ.P. 12(b) also specifically states that a defense bottomed on a failure to state a claim upon which relief can be granted is not waived if it is included as a defense in a responsive pleading. Therefore, the inclusion of this defense in the defendant's answer preserved this issue, which the court will entertain as a motion for judgment on the pleadings in accordance with Fed.R.Civ.P. 12(c).

The defendant argues that a trustee in bankruptcy has no standing to bring an alter ego cause of action where there were no fraudulent transfers of assets between the debtors and the defendant, citing this court's decision in *R.H.N. Realty Corp. v. Haverstraw Associates,* 84 B.R. 356 (Bankr.S.D.N.Y.1988). In that case, this court noted that the trustee in

bankruptcy sought a turnover of all of the assets of a nondebtor partnership and did not point to the transfer of any specific property of the nondebtor defendant that should be returned. In the instant case the trustee seeks a turnover of title to the Broome Street property, which the trustee alleges was acquired by the defendant and renovated with funds from the debtors' estates in fraud of the debtors' creditors. The *R.H.N.* case is further distinguishable because the trustee in that case sought to bring an alter ego cause of action by piercing his own debtor's corporate veil to satisfy a deficiency judgment against the nondebtor defendant in favor of the debtor's largest creditor. The trustee in the *R.H.N.* case joined as co-plaintiff with the nondebtor's largest creditor, for whose benefit the complaint was filed. It is settled law that a trustee in bankruptcy may not assume the responsibility of suing nondebtor third parties for the benefit of specific creditors of the debtor by reason of an alter ego relationship and thereby preempt similar suits which could be brought by the specific creditors. *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972).

In the instant case, the trustee in bankruptcy seeks to recover the Broome Street property for the entire estate and not for any specific creditors. The trustee asserts in his complaint a cause of action belonging to the estate for the benefit of all the creditors' on the theory that the Broome Street property should be regarded as an asset of the debtors' estates within the meaning of 11 U.S.C. § 541. Whether or not the trustee will be able to establish sufficient facts to flesh out this cause of action is not now an issue before this court. It is sufficient for purposes of this determination that the complaint states a cause of action because it cannot be said with certainty that no set of facts could be proven at the trial which would entitle the trustee to any relief. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dioguardi v. Durning,* 139 F.2d 774 (2d Cir.1944); *Trans World Airlines, Inc., et al. v. Texaco Inc. (In re Texaco Inc.),* 81

B.R. 813 (Bankr.S.D.N.Y.1988). The question of whether an alter ego claim must be brought by creditors as personal to them, or by the trustee in bankruptcy of a corporation victimized by the fraudulent conduct of its shareholders, officers or directors, is a matter of state law. For the citation of cases reaching differing conclusions *See St. Paul Fire and Marine Insurance Co. v. Pepsico, Inc.*, 884 F.2d 688, 696 (2d Cir. 1989). (The creditor lacked standing because the trustee had not abandoned the claim). Under New York law, a trustee may bring an alter ego cause of action on behalf of a corporate debtor in an attempt to collect property of the estate for the benefit of all creditors if such action is not personal to any particular creditor. *In re 10th Ave. Record Distributors, Inc.*, 97 B.R. 163 (S.D.N.Y.1989). Therefore, the complaint in this case will survive a motion to dismiss for failing to state a cause of action for which relief may be granted.

### The Notice of Pendency

The defendant also seeks an order directing that the notice of pendency which the trustee filed with the New York County Clerk's office should be cancelled because the trustee has not prosecuted this action in good faith. The defendant points to the fact that the summons and complaint were served in September of 1987, two and one-half years ago, which therefore demonstrates his lack of good faith. Moreover, the defendant contends that since the trustee failed to state a cause of action in his complaint, it is unlikely that he will succeed on the merits. Because the complaint does state a good cause of action, the likelihood of the trustee's success on the merits will have to await the conclusion of the trial. However, this court will not enter an order cancelling a duly filed notice of pendency for several reasons; First, the issue of bad faith cannot be decided without proof, especially when the complaint states a cognizable claim; Second, the New York County Clerk is not a party, and has not been given notice of this motion, nor does this court have authority to direct him to cancel the filed notice of pendency, and Third, the defendant has not established any basis for directing the trustee, who is a party in this action, to cancel the notice of pendency while this case remains pending.

The defendant also made reference to the fact that the trustee has not responded to the written interrogatories which the defendant served for purposes of discovery, despite this court's order dated January 29, 1988, which directed the trustee to answer all of the interrogatories propounded by the defendant. The defendant has available various measures to enforce discovery orders, but a motion to dismiss the complaint for failing to state a cause of action is not one of them. However, in order to avoid further delay, the trustee will be directed to answer all of the interrogatories referred to in this court's previous order within ten days from the service of a copy of the order to be entered with respect to this motion.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (E).

2. The defendant's motion for an order dismissing the complaint filed by the trustee in bankruptcy for failing to state a cause of action is denied.

3. The defendant's request for an order cancelling the notice of pendency filed by the trustee in bankruptcy with the New York County Clerk with respect to the defendant's Broome Street property is denied.

4. The trustee in bankruptcy is directed to answer all of the interrogatories propounded by the defendant and referred to in this court's order dated January 29, 1988 within ten days from the entry of the order with respect to this motion.

SETTLE ORDER on notice.