In re HARRY C. PARTRIDGE, JR. & SONS, INC., Rockland Architectural Metal Specialty Supply, Inc., Debtor.

Max M. GOLDHABER, As Trustee in Bankruptcy of Harry C. Partridge, Jr. & Sons, Inc. and Rockland Architectural Metal Specialty, Inc., Plaintiff,

v.

TRI–EQUITIES, INC., Defendant.

Bankruptcy Nos. 84 B 20398, 84 B 20496.

87 ADV. 6175.

United States Bankruptcy Court, S.D. New York.

Oct. 26, 1990.

Robert A. Herzog, New York City, for trustee.

Hitsman, Hoffman & O'Reilly, Elmsford, N.Y., for defendant.

## DECISION ON MOTION FOR AN ORDER FURTHER EXTENDING THE DURATION OF A NOTICE OF PENDENCY

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The trustee in bankruptcy of the above-captioned debtors in his adversary proceeding against the defendant, Tri-Equities, Inc., has moved for an order extending the duration of a notice of pendency (*"lis pendens"*) filed with the New York County Clerk on September 30, 1987. The trustee's motion is made pursuant to the New York Civil Practice Law and Rules, CPLR § 6513. The defendant opposes the trustee's motion on the ground that the trustee has not established good cause for extending the duration of the *lis pendens.*

Previously, the defendant had moved in this court for an order pursuant to Fed.R. Civ.P. 12(b)(6), as adopted by Bankruptcy Rule 7012(b), for an order dismissing the complaint filed by the trustee in bankruptcy and for an order cancelling and vacating the *lis pendens* filed by the trustee with the New York County Clerk. This court ruled on April 3, 1990 that the trustee had standing to bring an alter ego action against the defendant in order to obtain a turnover of property allegedly acquired by the defendant with funds from the debtors' estates, but that this court lacked authority to direct the New York County Clerk to cancel the *lis pendens. See In re Harry C. Partridge Jr. & Sons, Inc.,* 112 B.R. 593 (Bankr.S.D.N.Y.1990).

Thereafter the trustee moved in the Supreme Court of the State of New York, County of New York, for an order pursuant to CPLR § 6513 extending the three-year duration of the *lis pendens* originally filed on September 30, 1987. The defendant opposed the trustee's motion in the state court and argued that the trustee's motion should be brought in the court where the underlying action is pending, namely, the Bankruptcy Court for the Unit-

ed States District Court, Southern District of New York. The rationale for the defendant's position was that only the court where the action is pending is in a position to determine whether or not the moving party has shown good cause for an extension of the duration of the *lis pendens*. The defendant argued that because the trustee had not vigorously pursued the bankruptcy action and delayed answering certain interrogatories propounded by the defendant until after the bankruptcy court directed the submission of answers, which the trustee accomplished within ten days of the bankruptcy court's order, it followed that the trustee had not shown good cause for an order extending the duration of the *lis pendens*. The state court entered an order dated September 25, 1990, which declared that "there is no clear authority directing which forum is proper for motions addressed to the *lis pendens*." Accordingly, the state court ruled that

> the court will extend the *lis pendens*, but only until the Bankruptcy Court rules on an extension, and upon the following conditions: (1) plaintiff shall serve a copy of the order with notice of entry upon the Clerk of the Court on or before September 30, 1990, and (2) within 30 days of such filing, plaintiff shall apply to the Bankruptcy Court for an order extending the *lis pendens*.

The trustee complied with the conditions propounded by the state court.

## DISCUSSION

The governing statute is CPLR § 6513 which provides in relevant part as follows:

> A notice of pendency shall be effective for a period of *three years* from the date of filing. Before expiration of a period or extended period, the court, upon motion of the plaintiff and upon such notice as it may require, for good cause shown, may grant an extension for a like, additional period. (Emphasis added).

Although the bankruptcy court may lack authority to direct a New York County Clerk to cancel a *lis pendens* filed in the clerk's office, the bankruptcy court does have authority to declare that a *lis pendens* filed against property of a debtor's estate which expired after the duration of three years was void and ineffective against property of the estate. *In re Kodo Properties, Inc.*, 63 B.R. 588 (Bankr.E.D.N.Y.1986). In *Cayuga Indian Nation v. Fox*, 544 F.Supp. 542, 549 (N.D.N.Y.1982), the district court held that with respect to land owned by the Indian Nation and under the aegis of the federal courts, the court where the underlying action was pending was "the only appropriate forum for resolving issues concerning the notice of pendency." Accordingly, the state court in the instant case directed that because the trustee's adversary proceeding was pending in this court, the trustee's motion to extend the duration of the *lis pendens* should be ruled on by this court. In view of the fact that the trustee's adversary action involving the property in question is pending in this court and considering that if the trustee is correct in his position, the property would become property of the debtors' estates, and in light of the state court's reference to this court for a ruling with respect to the trustee's motion to extend the duration of the *lis pendens*, this court will entertain the trustee's motion.

The defendant maintains that the trustee has not shown good cause for extending the *lis pendens* because of his alleged dilatory tactics in not answering the defendant's interrogatories. However, the trustee did answer the interrogatories within the ten-day period, as directed by this court. Additionally, this court has already ruled that the trustee's complaint states a viable cause of action. Thereafter, the state court conditionally extended the duration of the *lis pendens*, subject to a determination by this court, and after having rejected certain procedural arguments raised by the defendant as lacking in merit. Therefore, the trustee should be allowed to proceed in his action to attempt to recover what he regards as property of the debtor's estates without the potential loss of the property, should the defendant convey it to a *bona fide* purchaser after the *lis pendens* expires and before the trustee's adversary proceeding is resolved. A failure

to extend the duration of the *lis pendens* will not terminate the trustee's adversary proceeding; it will simply allow the defendant to transfer the property to a *bona fide* purchaser in the interim and relegate the trustee to a cause of action for damages against a corporation which might not have the financial responsibility to satisfy the trustee's claim should he prevail in the adversary proceeding. In these circumstances, good cause exists for the extension of the *lis pendens* during the pendency of the trustee's outstanding action.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(B). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(E).

2. The trustee in bankruptcy has shown that good cause exists for the extension of the *lis pendens* which he filed with the County Clerk of New York County with respect to the property that is the subject of the trustee's adversary proceeding.

3. The trustee's motion to extend the duration of the *lis pendens* in question is granted.

SETTLE ORDER on notice.