**COAST MANUFACTURING CO., INC., Plaintiff,**

v.

**Robert KEYLON and The Bob Keylon Company, Defendants.**

**No. 84–Civ. 6595–CLB.**

United States District Court, S.D. New York.

Jan. 11, 1985.

Marc Alhonte, Brooklyn, N.Y., for plaintiff.

Michail O'Neill, Butler, Fitzgerald & Potter, New York City, for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By motion fully submitted on January 7, 1985, defendants move to dismiss the complaint in this diversity action because "there is a prior state action pending be-

tween the same parties involving the same issues." The prior action is pending in the State of Michigan, in the Circuit Court for the County of Wayne under Case No. 84–414915–CK, filed May 11, 1984. The defendants here are plaintiffs there, and Coastar of Michigan, Inc., a subsidiary of plaintiff in this case, which is as noted below, a necessary party whose presence would destroy diversity is, along with Coast Manufacturing Co., Inc., a defendant there.

All of the criteria relied on in *Aro v. Lichtig*, 537 F.Supp. 599 (E.D.N.Y.1982) are present here. It is appropriate to defer to the state court, and it will be both uneconomical and vexatious for this Court to proceed. Accordingly, this action should be, and it is, dismissed without prejudice.

Were we not to do so, this Court is convinced that the action should be dismissed for failure to state a claim. In reaching that conclusion the Court has considered without objection affidavits and exhibits from both sides of the case, and the concessions made in open Court. See transcript. The following facts are uncontested and controlling.

Defendants, hereinafter collectively "Keylon" consist of a manufacturer's representative, who is a citizen of Michigan, and his controlled corporation, which exists under the laws of Michigan. Plaintiff is a Delaware corporation having its principal place of business in this district. It manufactures and imports camera bags and accessories. Plaintiff formed a wholly owned subsidiary, Coastar of Michigan, either a Michigan corporation, or a Delaware corporation having its principal office in Michigan. Documents, the authenticity of which is not questioned, show clearly that defendants contracted with and acted for the subsidiary in the matter in controversy, although Keylon admits he did make a few sales directly for the corporate parent for which he collected a straight sales commission.

The complaint in this action ignores the interposition of the subsidiary Coastar of

Michigan, Inc., between Coast and Keylon. It pleads that:

"TENTH: That during the course of Defendants' representation of Plaintiff, they were advanced sums of money totaling $58,518, for which they failed to perform any services and to which they were not entitled."

Essentially, this is an action for money had and received in the amount of $58,518 in commissions paid but unearned, with a claim for tortious appropriation of goodwill and customer lists, etc. thrown in for whatever *in terrorem* effect it may have. Punitive damages are sought on this latter count in the usual box car numbers (Half a Million Dollars).

The difficulty is that Keylon's relationship whereby he received the sum of $58,518 and conducted the sales effort which gave him access to the customer lists and goodwill, all took place with the subsidiary. See Ex. K annexed to defendants' motion, which incorporates by reference Ex. C, annexed to the complaint in the Michigan action.

■ In effect, plaintiff Coast, in this action, seeks to pierce the corporate veil of its own subsidiary, in order to gain the benefit of diversity jurisdiction and frustrate the jurisdiction of the Michigan court. A corporation may not pierce its own corporate veil, nor cause its parent or subsidiary to do so. *Colin v. Altman*, 39 A.D.2d 200, 202, 333 N.Y.S.2d 432, 433–34 (1st Dept. 1972).

Plaintiff here in effect now admits that the claim belongs to its subsidiary. It argues that it may sue as a third-party beneficiary (Memo. docketed December 26, 1984 at p. 1). This argument cannot carry the day. Nothing prevents the subsidiary from asserting the claims of which its parent is allegedly a beneficiary. Furthermore, it is doubtful if one contracting with or accepting employment from a subsidiary intends to benefit the corporate parent as a creditor or donee beneficiary. In essence, the benefit so conferred is incidental and not sufficient to confer standing to sue. Were the case a proper one to be brought by the parent corporation in its own name, it would seem that the subsidiary is a necessary party whose presence will destroy diversity.

■ Defendant also seeks an award of attorneys fees for a violation by plaintiff of Rule 11, F.R.Civ.P. in having brought this unnecessary, forum-shopping lawsuit. This aspect of the motion presents a close question. In evaluating plaintiff's conduct we must be mindful that the state court in Michigan is about two years further behind in its docket than this Court. This forum is also more convenient geographically, and Coast would rather be a plaintiff here than a codefendant there. It is understandable that litigants will do a small amount of artful conniving to gain access to the diversity jurisdiction of the federal courts, and for a long time such efforts have been tolerated. It is our duty to protect the diversity jurisdiction from abuses of the sort attempted here. In doing so, we need not become punitive. That branch of the motion is denied as a matter of discretion.

The action is dismissed without prejudice. The Clerk shall enter a final judgment.

So Ordered.