**Dorothy EISENBERG, Trustee, Estate of Antonio Casale, Debtor, Plaintiff,**

v.

**Antonio CASALE a/k/a Anthony Casale a/k/a J. Anthony Casale; Bonaventure Construction Corp.; John Casale and Carl P. Maltese, Defendants.**

**Bankruptcy Nos. CV 86–2891 to CV 86–2893.**

United States District Court,
E.D. New York.

Feb. 18, 1987.

Shaw, Goldman, Licitra, Levine & Weinberg, Garden City, N.Y., for plaintiff in 86 CV 2891.

Macco, Hackeling & O'Shea, Melville, N.Y., for defendant in 86 CV 2891.

Carl P. Maltese, Smithtown, N.Y., for defendant, Bonaventure in 86 CV 2892.

Emanuel G. Sfaelos, Centerport, N.Y., for Carl Maltese in 86 CV 2893.

### MEMORANDUM–DECISION and ORDER

BARTELS, District Judge.

These appeals from the bankruptcy court involve a fraudulent transfer. The transferred property at issue is a one family house located on 1 Wagon Wheel Lane in Dix Hills, New York, which is valued at approximately $275,000. Legal title to the house was held by the Bonaventure Construction Company ("Bonaventure"), which Bonaventure listed as its principal asset. Bonaventure's President, Antonio Casale, was the debtor in the bankruptcy proceedings. The debtor's parents hold 100% of Bonaventure's stock.

Though "owned" by Bonaventure, the house was continuously occupied by the debtor, who transferred title to his (and Bonaventure's) attorney, Carl Maltese, before declaring Chapter 7 Bankruptcy. The suit was brought by the trustee of the debtor's estate to avoid the house's transfer, naming the debtor, the debtor's father (John Casale), Bonaventure, and Maltese as defendants.

At trial, Judge Goetz, the bankruptcy court judge, made the following factual findings, among others: that Maltese was allegedly obligated to pay Bonaventure $100,000 for title to the house, though none of this money was, in fact, ever paid; that after Maltèse was given title to the house Bonaventure, at the debtor's direction, made Maltese's mortgage payments for him; that since the house was built, the debtor has resided there with his family, paying rent to no one; that the debtor continued to live in the house after seeking to pass legal title to Maltese, though the debtor had no lease and payed no rent; that debtor often signed his father's name to various legal, financial, and other business documents, indicating a pattern of fraudulent behavior; that the debtor was and is the "beneficial owner" of the house; that transfer of the house to Maltese was made by the debtor with the actual intent to defraud his creditors; and that Bonaventure was a mere shell and conduit which was improperly used by the debtor to conduct his personal affairs. These factual findings are not clearly erroneous and are amply supported by the record.

To avoid the transfer, Judge Goetz set forth 2 alternate analyses, upon only one of which is it necessary for this Court to rely, as appears below.

Judge Goetz formally pierced Bonaventure's corporate veil, citing the debtor's complete dominion and control over Bonaventure and Casale's use of that corporation to achieve his personal ends. The bankruptcy court's holding with respect to the debtor's actual intent to defraud was predicated upon the existence of nearly all the traditional types of conduct constituting "badges of fraud" that have been cited by other courts. This holding by Judge Goetz, coupled with the piercing of Bonaventure's corporate veil, is not clearly erroneous. Accordingly, Judge Goetz's holding that title to the house remained in Casale and was part of the bankrupt's estate is more than sufficient grounds for affirming the decision of the bankruptcy court, 62 B.R. 889.

It must also be noted that the conduct of Carl Maltese is a proper subject of ethical review.

Affirmed.

SO ORDERED.