**In re 10TH AVENUE RECORD DISTRIBUTORS, INC., Debtor.**

**A. Mitchell GREEN, as Trustee in Bankruptcy of the Estate of 10th Avenue Record Distributors, Inc., Plaintiff,**

v.

**BATE RECORDS, INC., Defendant.**

**No. 88 Civ. 7204.**

United States District Court,
S.D. New York.

March 17, 1989.

Sherman, Citron & Karasik, P.C., New York City, for plaintiff; Brian W. Guillorn, of counsel.

Borstein & Sheinbaum, New York City, for defendant; James B. Sheinbaum, of counsel.

### MEMORANDUM AND ORDER

OWEN, District Judge:

Bate Records, Inc., brings this appeal of the bankruptcy court's decision of August 22, 1988, denying Bate's motion for summary judgment. Bate is a retailer of records and tapes. Although established as a corporate entity separate from that of 10th Avenue, a record and tape wholesaler and Chapter 7 debtor in this action, 10th Avenue's trustee in bankruptcy alleges that Bate has been used by one Torres, a 100% shareholder and officer of Bate and a 50% shareholder and officer of 10th Avenue, as an alter ego of 10th Avenue. As evidence of his alter ego theory, the trustee's complaint in bankruptcy court adversary proceedings alleges, inter alia, that the two corporations were operated as re-

lated divisions of the same enterprise; that separate corporate existences were not maintained; that merchandise was transferred from one entity to the other; and that transfers from 10th Avenue to Bate were effected without consideration, see Complaint at ¶¶ 12–16.

The trustee seeks to set aside fraudulent conveyances of debtor 10th Avenue's property under 11 U.S.C. § 544 and under New York law, and seeks to avoid transfers of 10th Avenue's property made within one year of bankruptcy filing under 11 U.S.C. § 548. In addition, the trustee seeks a declaratory judgment "that the alleged separate corporate existences of Bate and 10th Avenue should be disregarded, and their assets and liabilities are to be considered assets and liabilities of the estate of 10th Avenue," Complaint at ¶ 19. Bate moved for summary judgment on all three claims. The bankruptcy court denied this motion, and Bate appeals denial of summary judgment as to the declaratory judgment claim only. Bate contends that, as a matter of law, 10th Avenue's trustee lacks standing to pierce its corporate veil. It characterizes the alter ego cause of action as one that is personal to the creditors and, as such, cannot be maintained by the trustee in bankruptcy. Bate also cites cases in the New York courts and in this circuit concluding that a corporation may not pierce its own veil. In reviewing *de novo* the bankruptcy court's denial of Bate's motion, I affirm for reasons that follow.

To date, the Second Circuit has not reached the precise issue of standing of a trustee in bankruptcy to bring an alter ego/piercing the corporate veil cause of action. Although other circuits are in conflict in addressing the issue,[1] it is clear that the contours of the alter ego cause of action are to be determined with reference to state law.[2]

Two bankruptcy courts in this circuit, applying New York law, have reached conclusions arguably at variance. In *In re Casale*, 62 B.R. 889 (Bankr.E.D.N.Y.1986), *aff'd*, 72 B.R. 222 (E.D.N.Y.1987), the bankruptcy court held that the trustee of the individual debtor's estate had standing to pierce the veil of a corporation used by debtor to satisfy his personal obligations. As justification for this conclusion, the bankruptcy court found that the debtor "exercised complete dominion and control" over the corporation, that property had been transferred to hinder, delay and defraud creditors, and that failure to disregard the corporate form would result in fraud on the debtor's creditors. *Id.* at 894. The court reviewed New York law on piercing the corporate veil, and concluded that the corporate form will be disregarded whenever necessary to prevent fraud or achieve an equitable result. *Id.* at 897, citing *Walkovszky v. Carlton*, 18 N.Y.2d 414, 417, 223 N.E.2d 6, 276 N.Y.S.2d 585 (1966). Factors considered by the New York courts in disregarding separate corporate existence as listed by the *Casale* court include use of the corporation to transact personal business; complete dominion and control over the corporation by a particular individual; and transfers made without consideration for purposes of defrauding creditors, *id.* at 897–98. On appeal, the district court affirmed, specifically noting

---

**1.** The Fifth and Seventh Circuits conclude that the bankruptcy trustee has standing to bring an alter ego action, *see In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1152–53 (5th Cir.1987) (under Texas law, corporation may pierce own veil and thus alter ego action, which is property of the estate in bankruptcy, may be maintained by trustee); *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1345–46 (7th Cir.1987) (under Illinois and Indiana law, any creditor may assert alter ego theory, and bankruptcy trustee, who represents all creditors, is therefore proper party to bring alter ego claim), *cert. denied*, —— U.S. ——, 108 S.Ct. 1077, 99 L.Ed.2d 237 (1988). In contrast, the Eighth Circuit, in *In re Ozark Restaurant Equipment*

*Co., Inc.*, 816 F.2d 1222, 1225 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987), relying on Arkansas law, concluded that "the nature of the alter ego theory of piercing the corporate veil makes it one personal to the corporate creditors rather than the corporation itself" and as such is not property of the estate under 11 U.S.C. § 541.

**2.** Under 11 U.S.C. § 541(a)(1), "property of the estate" in bankruptcy which can be reached by the trustee is to be determined with reference to state law. *In re Tesmetges*, 47 B.R. 385, 389 (E.D.N.Y.1984). *See also* cases cited in footnote 1 *supra* and in text *infra*.

that "the existence of nearly all the traditional types of conduct constituting 'badges of fraud' " in this case justified piercing the corporate veil, 72 B.R. at 223. In apparent contrast, *In re R.H.N. Realty Corp.*, 84 B.R. 356 (Bankr.S.D.N.Y.1988), upon which Bate relies, concluded in broad dictum that a bankruptcy trustee did not have standing to assert a claim for turnover of assets against nondebtor defendants as alter egos of the debtor, and that under New York law a corporate debtor may never pierce its own veil, *id.* at 360. However, a careful reading of *R.H.N.* makes it clear that the facts alleged are quite different from those of the instant matter. Significantly, and in direct contrast to this case and *Casale*, no fraudulent transfers had occurred in *R.H.N.* Other circumstances also distinguish the instant matter from *R.H.N.*: the latter involved satisfaction of a claim of one particular creditor in a no-asset case in which the automatic stay had already been lifted, and the court noted that the claim "does not amount to a recovery of assets for the debtor's estate or from the debtor's estate" and "will not produce any benefits for the creditors of this estate." *Id.* at 359.

Other decisions outside the bankruptcy context make it clear that no absolute bar exists under New York law regarding the maintenance of an alter ego cause of action, *see Brunswick Corp. v. Waxman*, 599 F.2d 34, 35 (2d Cir.1979), and that the particular dealings of the corporation and the specific factual context are critical in determining whether piercing the corporate veil is an appropriate remedy. *See, e.g., Musico v. Champion Credit Corp.*, 764 F.2d 102, 108–09 (2d Cir.1985) (distinguishing blanket statement in some New York cases that veil is never pierced for benefit of corporation or stockholders, and holding that where parties disregarded corporate form and made no efforts to distinguish which of several taxi corporations was to receive income from lease and sale of medallions, corporate veil should be pierced); *Lowen v. Tower Asset Management, Inc.*, 653 F.Supp. 1542, 1552–53 (S.D.N.Y.) (listing New York criteria for piercing veil, and concluding that where individual defendants transferred funds among several corporations in form of loans and reimbursements for travel, and where "close and intimate relationship between the corporate and individual defendants" was clear, corporate veils would be pierced for benefit of trustees of ERISA pension plans), *aff'd*, 829 F.2d 1209, 1221 (2d Cir.1987) (noting individual defendants' total domination of corporations as justification for piercing). These cases are readily distinguishable from *Coast Manufacturing Co., Inc. v. Keylon*, 600 F.Supp. 696, 698 (S.D.N.Y. 1985), in which the parent corporation could not pierce the veil of its subsidiary as a means of achieving diversity jurisdiction, and *Bross Utilities Service Corp. v. Aboubshait*, 618 F.Supp. 1442, 1445 (S.D.N.Y.1985), which did not allow a parent "to pierce the corporate veil it created for its own benefit, so as to assert the claims of its subsidiary," but recognized that piercing would be permissible "against a purported stockholder who is using the corporate veil to defraud."

Bate does not contest the bankruptcy judge's ruling that sufficient questions of fact exist regarding the relationship and business dealings of debtor and Bate so as to preclude summary judgment for Bate on the fraudulent conveyance and impermissible transfer claims. If the bankruptcy court later concludes that allegations in the complaint regarding impermissible transfers took place and that other indicia of failure to adhere to separate corporate form actually occurred, then the trustee could maintain an alter ego action under *In re Casale* and the other cases cited above.

However, Bate also urges that the alter ego action is personal to creditors and, as such, cannot be maintained by 10th Avenue's trustee in bankruptcy. In support of this proposition, Bate cites *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972), which held that a bankruptcy trustee lacks standing to assert claims of misconduct by an indenture trustee on behalf of debenture holders. Subsequent decisions in the Second Circuit and elsewhere have nevertheless concluded that bankruptcy trustees do have standing to assert similar claims

when the claims benefit the entire estate in bankruptcy and are not particular to one creditor or group of creditors. *Cumberland Oil Corp. v. Thropp,* 791 F.2d 1037 (2d Cir.), *cert. denied,* 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986), recognized that under the trustee's "strong arm" power corporate assets could be recovered by the trustee for the benefit of all of the bankrupt corporation's creditors; the trustee may act to recover fraudulent conveyances under New York law and may bring suit against officers and directors of bankrupt corporations for breach of fiduciary duty. *Id.* at 1042 (citing cases). *Cumberland* also concluded, however, that a particular creditor's fraud claim against principals of a bankrupt corporation, which was asserted after the lifting of the automatic stay and not on behalf of the corporation, was not property of the estate and therefore could not be asserted by the trustee. *Id.* at 1040–43. *Mitchell Excavators, Inc. v. Mitchell,* 734 F.2d 129, 131 (2d Cir.1984) recognized that a shareholder's derivative suit for breach of officers' or directors' fiduciary duties passes to the bankruptcy estate and is to be pursued by the trustee. *See also Lumbard v. Maglia, Inc.,* 621 F.Supp. 1529, 1542 (S.D.N.Y.1985) (distinguishing *Caplin* and noting that trustee's "strong arm" power under 11 U.S.C. § 544 "provides ample statutory authority for a Chapter 7 trustee's assertion of creditors' claims against third parties."); *In re Curtina International,* 15 B.R. 993, 995 (Bankr. S.D.N.Y.1981) (where creditor did not seek to recover assets for benefit of estate or from estate, but instead "desire[d] to collect for itself monies allegedly owed to it by the nondebtor defendants as the alter egos of the debtor [corporation]" in which trustee had no interest, court characterized cause of action as "private controversy" and bankruptcy court lacked jurisdiction to hear claim). Since the trustee's alter ego cause of action here is without doubt an attempt to collect property of the estate for the benefit of *all* creditors and is not personal to any particular creditor, it may be maintained by the bankruptcy trustee.

Accordingly, the order of the Bankruptcy Court denying Bate's motion for summary judgment on the declaratory judgment claim is affirmed.

So ordered.