**In re Jennie Annette WEISBROD,**
**Debtor.**

**Jeffrey P. HARRIS, Trustee for Jennie**
**Annette Weisbrod on behalf of himself**
**and all other similarly situated Chapter**
**7 Panel Trustees, Plaintiffs,**

**v.**

**BENEFICIAL NATIONAL**
**BANK, Defendant.**

**Bankruptcy No. 1–91–02459.**
**Adv. No. 1–91–0144.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

April 8, 1992.

Jeffrey P. Harris, Jeffrey K. Lurie, Cincinnati, Ohio, for debtor, plaintiff.

Charles Caldwell, Cincinnati, Ohio, Asst. U.S. Trustee.

Kim Martin Lewis, Cincinnati, Ohio, for defendant.

## DECISION ON PLAINTIFF'S AMENDED MOTION TO CERTIFY CLASS ACTION

BURTON PERLMAN, Chief Judge.

Before us is a complaint brought by a Chapter 7 trustee against the defendant, Beneficial National Bank, asserting various damage claims arising from a transaction between debtor and defendant in which defendant advanced an amount representing an expected income tax refund. Plaintiff originally filed his complaint without class action allegations. In an amended complaint, he added such allegations, but in a second amended complaint, for which filing leave has not heretofore been granted, he changed the class sought to be represented. The Clerk failed to docket the amended complaint. Since it was tendered prior to a responsive pleading, it should, pursuant to F.R.Civ.P. 15(a), have been entered pursuant to F.R.Civ.P. 15(a). Defendant has moved to strike the second amended complaint, in part because leave to file it was not obtained. Because it is of benefit to no party for there to be further skirmishing in this proceeding, we grant leave to plaintiff to file the second amended complaint. Because the docketing of the original amended complaint at this time can only lead to further confusion, it will be withdrawn.

We consider that what is now before us is the issue regarding class certification which is presented in Plaintiff's Amended Motion to Certify Class (Doc. 11), Defendant's Memorandum in Opposition (Doc. 18), and Plaintiff's Reply Thereto (Doc. 19). (We assume that the changes in the class sought to be represented in the second amended complaint mean that plaintiff has abandoned its amended complaint and the formulation for a class there presented.) Defendant may file its answer to the second amended complaint within twenty (20) days from the date of entry of the present order.

We turn now to the motion which is before us, plaintiff's Amended Motion to Certify Class. In the second amended complaint, it is alleged that the debtor employed the services of a tax preparation organization, H & R Block, and utilized the Rapid Refund Program ("RRP") of that firm. In the RRP, H & R Block prepared the income tax return for filers. It would then authorize the present defendant to open a bank account for the filer. Defendant would presently lend the filer the amount of the expected income tax refund, and would authorize the IRS to make deposit in the bank account when the refund was paid. In the present case, the complaint says that debtor filed her return and received a loan prior to filing her Chapter 7 petition. The complaint says further that defendant received payment from IRS on account of the loan to defendant within 90 days of the filing of the petition, and prior to that filing. It is alleged that the payment by IRS to defendant was preferential. The complaint contains a second claim, which is an alternative to the first. It is framed in the supposition that defendant received the IRS payment after the bankruptcy case was filed. Such a transfer, says plaintiff, is avoidable pursuant to § 549 as a post-petition transfer of property.

Thirdly, the complaint alleges that acceptance by defendant of the payment from IRS if after the date of filing of the bankruptcy case, constitutes a violation of the automatic stay. Finally, a claim of illegal setoff is asserted on the assumption that the refund paid by IRS to defendant was made within 90 days before the filing of the petition, and constitutes an illegal setoff contrary to 11 U.S.C. § 553(b)(1)(A).

In the motion now before us, plaintiff's Amended Motion to Certify Class, the class which plaintiff now proposes to represent is:

... a class of all other similarly situated Panel Trustees who are now, or have ever been, appointed as the Panel Trustee for a Chapter 7 bankruptcy estate in which the debtor (or debtors) utilize the services of H & R Block's and Defendant's Rapid Refund program and where Defendant was reimbursed for the advancement of the debtor's federal income tax refund within 90 days before the filing of the debtor's bankruptcy petition

or after the filing of the debtor's bankruptcy petition.

In support of his motion, plaintiff urges that a Chapter 7 trustee, plaintiff in an adversary proceeding in bankruptcy court, can maintain the suit as a class action, and further asserts that the various requirements of F.R.Civ.P. 23(a), numerosity, commonality, typicality, and adequacy of representation, as well as the requirements of F.R.Civ.P. 23(b)(3) are here met. Defendant opposes the motion. We have been unable to find any decision in any federal court, and the parties have not called our attention to any, directly dealing with the question.

While defendant contests that the requirements of F.R.Civ.P. 23 are met, its initial ground for objection is that plaintiff lacks standing to prosecute claims which are not property of the estate that the trustee was appointed to serve. Its basic ground for asserting a lack of standing is *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972). Defendant says that the *Caplin* case stands for a general proposition that a trustee in bankruptcy does not have standing to assert claims that are not property of the estate. Defendant's reliance on that case for that purpose is misplaced. The case was decided under the Bankruptcy Act and the holding was that the trustee there did not have standing because Congress had failed to confer that status on a reorganization trustee. Since the Bankruptcy Act has been superseded by the Bankruptcy Code, the statutory basis for the *Caplin* case no longer exists and provides no basis to oppose class certification. *See Lumbard v. Maglia*, 621 F.Supp. 1529 (D.C.N.Y.1985); *In re Tenth Avenue Record Distributors, Inc.*, 97 B.R. 163 (S.D.N.Y.1989).

█ Whether a party has standing to sue on his own behalf is a fundamental determinant of whether a party has standing to bring a class action. *Johnson v. Zurz*, 596 F.Supp. 39, 42–43 (N.D.Ohio 1984). To assert standing on his own behalf, a party must satisfy the following two requirements set forth by the Sixth Circuit:

First, there must be an actual case or controversy, which can be shown by proving an "injury in fact" that can be redressed by a favorable decision. Second, as a prudential matter, the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted.

*Pestrak v. Ohio Elections Comm'n.*, 926 F.2d 573, 576 (6th Cir.1991), *cert. dismissed*, —— U.S. ——, 112 S.Ct. 672, 116 L.Ed.2d 763 (1991) (citing *Planned Parenthood v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir.1987)).

In the instant case, the trustee plainly possesses standing to sue on his own behalf. With regard to the first requirement, the Supreme Court has interpreted "injury in fact" broadly to include economic or non-economic interests. *See, e.g., Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153–54, 90 S.Ct. 827, 829–30, 25 L.Ed.2d 184 (1970) (data processing organizations had standing to challenge ruling by Comptroller of the Currency that national banks could make data processing services available to bank customers and other banks). The trustee unquestionably has a personal interest in the present litigation in that a Chapter 7 trustee has a statutory duty under 11 U.S.C. § 704(1) to collect and reduce to money the property of the estate. *See In re Wood*, 52 B.R. 513, 525 (Bankr. N.D.Ala.1985). Further, a favorable decision in this court would redress the alleged injury by enhancing the debtor's estate to the benefit of creditors.

As to the second requirement, plaintiff is unquestionably the proper proponent to recover the alleged preference because the trustee is the only party authorized to bring such an action. *See* 11 U.S.C. §§ 547–50; *In re Hunt*, Adv. No. 1–81–0023, slip op. at 2 (S.D.Ohio Aug. 20, 1981) (Perlman, J.) (Code vests only trustee with the capacity to avoid preferences). A preference action under 11 U.S.C. § 549, the legal theory underlying this cause of action, is a standard method of collecting money on behalf of the estate and is therefore a proper vehicle to vindicate the rights

asserted. Moreover, recovery of preferences is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Thus, since plaintiff has standing to sue defendant on his own behalf as a Chapter 7 trustee, he has standing to sue on behalf of all panel trustees nationally. *See also Sutton v. Nat'l. Distillers Products Co.,* 445 F.Supp. 1319, 1321 (S.D.Ohio 1978), *aff'd,* 628 F.2d 936 (6th Cir.1980) (individual must be a member of the class, possess the same interest and suffer same injury as class members to acquire standing to sue as class representative).

1. F.R.Civ.P. 23(a).

■ Having determined that this plaintiff has standing to bring this class action, we must next inquire whether the tests of F.R.Civ.P. 23 are met. B.R. 7023 provides that F.R.Civ.P. 23 applies in adversary proceedings. To the extent relevant to the present discussion, F.R.Civ.P. 23 says:

(a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) **Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or

substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

\* \* \* \* \* \*

A. *Numerosity.* Plaintiff says that the class he represents consists of over 1,000 Chapter 7 panel trustees located across the country, and this is sufficient to satisfy the first requirement. Defendant does not contest plaintiff's position regarding numerosity, but does observe that plaintiff is speculating about the size of the class, for he does not know how many panel trustees have bankruptcy estates with claims like the present. Defendant says that it made approximately 2.4 million transactions pursuant to its RRP for the 1990 tax year, but has no way of knowing how many of these resulted in bankruptcy claims like the present.

The numerosity requirement is essentially uncontested.

B. *Commonality.* To deal with this element of F.R.Civ.P. 23, we must bear in mind the specific simple transaction giving rise to the present claim. On its surface, it would appear that the commonality requirement is satisfied, because the rapid

refund transaction would be identical in all of the many instances where it was utilized by taxpayers. But defendant contests that the requirement of commonality is met, because in each instance the right of a trustee to recover a preference is based upon the time of perfection of the transfer in question, and perfection is determined by state law. *See* 4 *Collier on Bankruptcy*, para. 547.16[2], at 547–68 (15th ed. 1991). Liability, then, in each instance would require application and interpretation of the laws of the various states where the transfers had occurred. Applying *Harrigan v. United States*, 63 F.R.D. 402 (E.D.Pa.1974), defendant says that class certification should be denied because liability depends upon the interpretation of the laws of different states. *See also Coca–Cola Bottling Co. of Elizabethtown, Inc. v. Coca–Cola Co.*, 95 F.R.D. 168 (D.Del.1982).

It would, however, be inappropriate to apply the authority suggested by defendant in a case such as the present. State perfection law is based on the Uniform Commercial Code, a statutory enactment adopted by virtually all states. *James J. White & Robert S. Summers, Uniform Commercial Code* 63, at 7 (3d ed. 1988) (Article 9 adopted by 46 States). It would seem then that the concerns leading to the decisions in *Harrigan* and *Coca–Cola Bottling Co.* have no application in the present circumstances. The objection on grounds of a lack of commonality is without merit.

C. *Typicality.* Because the claims being pursued on behalf of the class arise from the same essential transaction between defendant and various debtors, there can be no serious argument that the requirement of F.R.Civ.P. 23(a), that "the claims ... of the representative parties are typical of the claims ... of the class" is not met. Again, no valid basis for denial of the motion on this ground is shown.

D. *Adequacy of Representation.* This requirement has two aspects: (1) the class representative must be free of any conflicts of interest, and (2) class counsel must be competent. *Sosna v. Iowa*, 419 U.S. 393, 403, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). Regarding the first criterion, defendant argues that plaintiff's attempt to act as both the class counsel and class representative creates an irreconcilable conflict of interest because the financial interests of counsel and the class diverge. *See Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir.1976). We disagree, for we are satisfied that the plaintiff would uphold his fiduciary duty to the bankruptcy estates. Further, Chapter 7 trustees are authorized by statute to serve as their own attorneys. See 11 U.S.C. § 327(d).

With respect to the second criterion, while a question may justifiably be raised about ability because of the manner in which plaintiff's counsel has conducted the pleadings in this adversary proceeding to this point, nevertheless counsel is representing a party whose authorization stems from the U.S. Trustee, a creature of the U.S. Department of Justice. That being the case, we consider that the U.S. Trustee vouches for the competence of the plaintiff in this case and his designated attorney. The objection to class certification on this ground is not well founded.

2. F.R.Civ.P. 23(b).

In addition to the four criteria of F.R.Civ.P. 23(a), in order to merit class certification, a putative class representative must show that at least one section of F.R.Civ.P. 23(b) is satisfied. *See e.g., Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir.1976), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Akron Center for Reproductive Health v. Rosen*, 110 F.R.D. 576, 580 (N.D.Ohio 1986).

█ It is to (b)(3) that the plaintiff looks in his argument that he meets the requirements of 23(b). (F.R.Civ.P. 23(b) can be met by complying with one of several alternatives, for the rule is stated in the disjunctive.) To meet the test of this portion of the rule, plaintiff must show that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

We assume arguendo that questions of law or fact common to the members of the class predominate over any questions affecting only individual members. The second requirement of this paragraph, however, that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, requires closer examination. We observe initially that a plaintiff in a class action has the burden of proof regarding all elements of Rule 23. *Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir.1989); *cert. denied*, 494 U.S. 1080, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990); *Senter v. General Motors Corp., supra*, 532 F.2d at 520, 522. A further pertinent initial statement is to be found in *Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir.1974), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974):

> ... Superiority must be looked at from the point of view (1) of the judicial system, (2) of the potential class members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large and (6) of the defendant. The listing is not necessarily in order of importance of the respective interests. Superiority must also be looked at from the point of view of the issues.

> \*   \*   \*   \*   \*   \*

*Katz*, 496 F.2d at 760.

The enumerated "matters pertinent" to a superiority finding which are listed in Rule 23 itself at (b)(3) can be illuminated by reference to this quotation. Upon examining these matters, we reach the conclusion that a class action is not superior to other available methods.

In the present motion, the plaintiff/trustee informs us that he has eight other adversary proceedings pending on similar claims against the same defendant in this court. Consolidation of those proceedings for trial will result in a fair and efficient adjudication of the controversy here presented. Rather than being superior, a class action would present an obstacle to the fair and efficient adjudication of that controversy.

We reach this conclusion in light of the following. The facts in any of the proceedings pending here are not complex, and the cost of litigation in any of them to the plaintiff/trustee is not great. The amount in controversy is of an amount sufficient to provide an incentive to the trustee to pursue the claim. The incentive of a possibly greater reward as counsel in a class action is not necessary to stimulate action to redress the alleged wrong which has here occurred; it is the fiduciary duty of a trustee to do so. (In matters involving consumers, the fee factor may be regarded as one which justifies the class action.) *See, e.g., In re Capital Underwriters, Inc. Securities Litig.*, 519 F.Supp. 92, 98 (N.D.Cal. 1981) *vacated in part on other grounds*, 705 F.2d 466 (9th Cir.1983). We note additionally that this proceeding was commenced initially with no effort to make it a class action. The subsequent discovery of a number of like claims in and of itself gives no basis for unleashing the greater complexity, effort, and expense inherent in a class action.

What plaintiff here contemplates is the expansion of the individual proceeding now before us into a nationwide one. While he says that this merely involves the expense of a mailing to all the panel trustees in the country, which he numbers at around a thousand, much more than that in terms of expense will have to be met in carrying forward this litigation on a nationwide basis. For those trustees who do have similar cases and do not opt out pursuant to Rule 23(c)(2), discovery efforts by the defendant, potentially of a large scale, will have to be met. Plaintiff has made no showing, a showing as to which he has the burden, of how he will do this. Of course, if most, or all other affected Chapter 7 trustees opt out, the whole exercise would be pointless. This would, in our view, be a likely outcome, for other trustees have a powerful interest, indeed, an obligation, to maintain control of their own claims. *See* 3B *Moore's Federal Practice*, para. 23.-45[4.–1]–(A).

We are also impelled to the conclusion we reach by the position of defendant if this suit proceeds as a class action. It is simply not fair to put defendant to the potentially enormous expense of fact find-

ing nationwide, since plaintiff contemplates a class consisting of trustees nationwide, before the merits of this controversy are reached.

Finally, a class action is not superior when the interest of the court is taken into consideration. Again, referring to the fact that it is likely that claims such as the present arise nationwide, it would not be desirable to concentrate that litigation in this forum. This case is not like *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791 (10th Cir.1970), in which the class comprised members from only one state. The cost and management of a class action is substantial, and this is particularly so when a class, such as the one proposed here, is distributed nationwide. It is not warranted to impose upon this court the burden of management of such extended litigation. It is far more sensible for claims such as the present to be handled locally, for they impose no great burden on any single court. *See Free World Foreign Cars, Inc. v. Alfa Romeo*, 55 F.R.D. 26, 30 (S.D.N.Y. 1972) (rule 23 should not be used to convert ordinary and simple lawsuit to class action with all the problems and expense involved in such suit).

The motion for class certification will be denied.