**GOSCONCERT, Moscow State Symphony Orchestra and Pavel Kogan, Plaintiffs,**

v.

**Kazuko HILLYER, Defendant.**

**No. 92 Civ. 7152(LMM).**

United States District Court, S.D. New York.

Aug. 12, 1993.

Laura Gilbert, Kornstein, Veisz & Wexler, New York City, for plaintiffs Gosconcert, Moscow State Symphony Orchestra and Pavel Kogan.

Nancy E. Delaney, Curtis, Mallet–Prevost, Colt & Mosle, New York City, for defendant Kazuko Hillyer.

### MEMORANDUM AND ORDER

McKENNA, District Judge.

By this Order, the Court decides a motion by defendant Kazuko Hillyer ("Mrs. Hillyer") to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Plaintiffs Gosconcert, Moscow State Symphony Orchestra and Pavel Kogan (collectively "Plaintiffs") oppose Mrs. Hillyer's motion. For the reasons set forth below, Mrs. Hillyer's motion to dismiss is granted.

### BACKGROUND

Hillyer International, Inc. was allegedly in the business of arranging and presenting tours and performances by artists and groups, both in the United States and abroad. (Def.'s Mem. in Supp. of Mot. to Dismiss at 2.) On July 13, 1992, this Court granted Plaintiffs' motion for summary judgment against Hillyer International, Inc. in an action entitled *Gosconcert, Moscow State Symphony Orchestra and Pavel Kogan v. Hillyer International, Inc.*, No. 91 Civ. 7572, 1992 WL 533054 (S.D.N.Y. July 13, 1992). (Am.Compl. ¶ 6.) The court concluded that Hillyer Interna-

tional, Inc. had breached its contract with Plaintiffs. Judgment was entered as follows: $90,299.52 in favor of plaintiff Gosconcert; $95,813.78 in favor of plaintiff Moscow State Symphony Orchestra; and $42,583.32 in favor of plaintiff Pavel Kogan. (*Id.*)

On August 28, 1992, Hillyer International, Inc. voluntarily filed a petition for reorganization pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York. This bankruptcy proceeding was later converted to an action under chapter 7 of the Bankruptcy Code by order of that court. (Def.'s Mem. in Supp. of Mot. to Dismiss at 3.) Mrs. Hillyer was allegedly the president and controlling shareholder of Hillyer International, Inc. and, prior to its filing pursuant to chapter 11 of the Bankruptcy Code, managed the corporation's day to day business operations. (*Id.* at 2; Am.Compl. ¶ 8.)

Plaintiffs then commenced the present action against Mrs. Hillyer alleging that she exerted such domination and control over Hillyer International, Inc. that the company was a "mere instrumentality" and that, as a result, Mrs. Hillyer should be held jointly liable for Hillyer International, Inc.'s breach of contract.[1] (Pls.' Mem. in Opp'n to Mot. to Dismiss at 2.) The Complaint alleged in pertinent part that:

> Mrs. Hillyer organized and conducted the affairs of Hillyer International, Inc. for the purpose of defrauding her creditors, and Mrs. Hillyer so controlled, dominated and manipulated Hillyer International, Inc. and her other corporate shells that Hillyer International, Inc. was a mere instrumentality and *alter ego* of Mrs. Hillyer. Furthermore, Hillyer International, Inc. was not licensed to conduct its business, despite the fact that a license was required in order to conduct that business.

(Compl. ¶ 11.)

After answering the Complaint, Mrs. Hillyer moved to dismiss for lack of subject matter jurisdiction pursuant to the Second

---

**1.** Mrs. Hillyer was not a party to the prior *Gosconcert* action and judgment was not en-

tered against her.

Circuit's opinion in *St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc.*, 884 F.2d 688 (2d Cir.1989).[2]

In its decision denying Mrs. Hillyer's motion to dismiss, this Court noted that conduct "engaged in 'for the purpose of defrauding her creditors,' falls within the class of cases to be brought, under *St. Paul* by the trustee." *Gosconcert, Moscow State Symphony Orchestra and Pavel Kogan v. Kazuko Hillyer*, No. 92 Civ. 7152, 1993 WL 106117, at *1 (S.D.N.Y. April 5, 1993). However, this Court also noted that Plaintiffs' attempt to characterize their Complaint in a manner that would avoid *St. Paul* did not accurately reflect the actual allegations of the Complaint. *Id.* Plaintiffs argued that:

> The plaintiffs at bar do *not* claim that Mrs. Hillyer plundered or denuded her corporation. The plaintiffs at bar do *not* allege that any manipulation by Mrs. Hillyer of her corporation damaged the plaintiffs. The plaintiffs at bar do *not* seek to recover compensation for any damage that Mrs. Hillyer's domination and control caused to her corporation.
>
> Rather, plaintiffs claim—and, indeed, established in the prior case—that they were damaged *by a breach of contract,* and they claim that Mrs. Hillyer is jointly liable for *that* damage.

*Id.* (quoting Pls.' Mem. in Opp'n to Mot. to Dismiss at 4). This Court found that apart from the allegations contained in the Complaint, quoted above, Plaintiffs did not adequately explain why Mrs. Hillyer should be held jointly liable in her capacity as an officer of Hillyer International, Inc. *Gosconcert*, 1993 WL 106117, at *1–2. Plaintiffs were granted leave to file an amended complaint. However, the court specifically stated that it would "expect subject matter jurisdiction to be shown clearly in light of *St. Paul.*" *Id.* at *2.

Plaintiffs' Amended Complaint was filed on April 22, 1993 and states two causes of action. In the first cause of action, Plaintiffs allege that Mrs. Hillyer is personally liable for Hillyer International, Inc.'s breach of contract because she organized and conducted the affairs of Hillyer International, Inc. in a way that rendered Hillyer International, Inc. a "mere instrumentality" of hers. (Am.Compl. ¶ 12.) The Amended Complaint specifically states that:

> Among other things, Mrs. Hillyer ran and controlled Hillyer International, Inc. but paid no attention to corporate prerequisites or to the formalities of its corporate existence; Hillyer International, Inc. failed to pay corporate taxes due and owing and/or failed to file required corporate reports and as a result was formally dissolved; Mrs. Hillyer ignored that dissolution and operated Hillyer International, Inc. as if it existed even though Hillyer International, Inc. in fact had been dissolved; Mrs. Hillyer ignored who owned the stock of Hillyer International, Inc.; Mrs. Hillyer installed as the other officers of Hillyer International, Inc. mere puppets who did her bidding and no more; Hillyer International, Inc. was not licensed to conduct its business, despite the fact that a license was required in order to conduct that business; Mrs. Hillyer treated Hillyer International, Inc. and her various other corporate shells interchangeably and ignored their supposed separate existence; Mrs. Hillyer shifted assets and liabilities among her various shell corporations, including Hillyer International, Inc., and filed court documents listing accounts receivable to Hillyer International, Inc. that actually were accounts receivable to her other corporations; Mrs. Hillyer intermingled her personal funds with those of the

---

2. In *St. Paul,* Pepsico brought a third-party claim against Banner, the parent company of Lee Way. Pepsico had guaranteed Lee Way's corporate bonds and was sued when Lee Way defaulted on the bonds and went into bankruptcy. Pepsico alleged that Banner had stripped Lee Way of its assets and caused Lee Way to make preferential payments to Banner, thus placing Lee Way in the position of being unable to pay its creditors. The Second Circuit held that "causes of action that could be asserted by the debtor are property of the estate and should be asserted by the trustee, as should causes of action such as those that fall under 11 U.S.C. §§ 544, 547, 548." *St. Paul,* 884 F.2d at 702 n. 3.

corporation; and she otherwise treated Hillyer International, Inc. and herself as one and the same.[3]

(*Id.*)

In their second cause of action, Plaintiffs contend that it has become impossible to collect a judgment against Hillyer International, Inc. because that organization has been dissolved pursuant Section 203–A of the Tax Law of the State of New York. (*Id.* ¶ 14.) Thus, Plaintiffs argue that Mrs. Hillyer should be held personally liable for the judgment because i) she is the former principal and controlling shareholder of Hillyer International, Inc.; and ii) she personally took the action constituting the breach of contract. (*Id.* ¶¶ 16, 17.)

*DISCUSSION*

*Subject Matter Jurisdiction*

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed upon motion "for lack of jurisdiction over the subject matter" of the action. Fed.R.Civ.P. 12(b)(1).

This Court's subject matter jurisdiction is allegedly based on 28 U.S.C. § 1332. Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy ... is between ... citizens of a State and citizens or subjects of a foreign state."[4] 28 U.S.C. 1332(a) (1988). "Where, as here, the defendant moves for dismissal under Rule 12(b)(1) ..., as well

as on other grounds, 'the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.'" *United States ex rel. Kreindler & Kreindler v. United Technologies Corp.*, 985 F.2d 1148, 1155 (2d Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 2962, 125 L.Ed.2d 663 (1993) (citation omitted).

Defendant contends that Plaintiffs' Amended Complaint asserts an alter ego claim, and that such a claim falls within the class of cases to be brought, under *St. Paul,* by the trustee in bankruptcy. Thus, defendant urges that Plaintiffs do not have standing to bring such a claim. Under New York law, a defendant may be held liable on an alter ego theory if "disregarding the corporate form, he exercised such dominion and control over [the corporation's] operations that the corporation became his alter ego, a vehicle for purely personal rather than corporate ends."[5] *Bonanni v. Straight Arrow Publishers,* 133 A.D.2d 585, 520 N.Y.S.2d 7, 9 (App.Div. 1st Dept.1987) (citations omitted). Plaintiffs' Amended Complaint contains allegations which, if true, may be sufficient to establish liability based on this standard. However, Plaintiffs would have this Court believe Mrs. Hillyer has mischaracterized their cause of action, and that they are only seeking to pierce the corporate veil of Hil-

---

**3.** On June 17, 1993, Plaintiffs' attorney submitted an additional affidavit to this Court. The affidavit contains the following allegations:
— Hillyer International, Inc. was severely undercapitalized.
— Mrs. Hillyer kept Hillyer International, Inc. afloat by making almost three-quarters of a million dollars in "loans" to Hillyer International, Inc.
— Certain tax obligations owed by Hillyer International, Inc. were paid by another of Mrs. Hillyer's corporate shells.
— Corporate funds of Hillyer International, Inc. were used to pay Mrs. Hillyer's personal expenses.
(Gilbert Aff. ¶ 3.)

**4.** "Plaintiff Gosconcert is, and at all relevant times herein was, a concert agency located in Moscow. Plaintiff Moscow State Symphony Orchestra is, and at all relevant times herein was, the symphony orchestra of the Russian Repub-

lic. Plaintiff Pavel Kogan is, and at all relevant times herein was, a resident of Moscow." (Am. Compl. ¶ 4.)

**5.** In deciding whether to hold a defendant liable on an alter ego theory, courts generally consider the following factors:

"gross undercapitalization of the subject corporation, disregard of corporate formalities, corporate insolvency at the time in question, lack of corporate records, non-payment of dividends, siphoning of corporate funds by the dominant shareholder, non-function of directors and officers, and an inquiry as to whether the stockholder used the corporation merely as a facade for their own operations." *Establissement Tomis v. Shearson Hayden Stone,* 459 F.Supp. 1355, 1365 (S.D.N.Y.1978) (citing *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681, 685–87 (4th Cir.1976)).

lyer International, Inc.—on a "mere instrumentality" theory—to hold Mrs. Hillyer personally liable for breach of contract.

■ Plaintiffs cannot avoid the characterization of their cause of action as an alter ego action simply by labelling it a "mere instrumentality" claim. Under New York law, an action to pierce the corporate veil may be brought where: "(1) [the parent corporation has] exercised such control that the subsidiary 'has become a mere instrumentality' of the parent, which is the real actor; (2) such control has been used to commit fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to plaintiff." [6] *W. Passalacqua Builders v. Resnick Developers South, Inc.*, 933 F.2d 131, 138 (2d Cir.1991) (citing *Lowendahl v. Baltimore & Ohio R.R. Co.*, 247 A.D. 144, 287 N.Y.S. 62 (1st Dept.), *aff'd*, 272 N.Y. 360, 6 N.E.2d 56 (1936)). The alter ego theory is no different from the three-factor rule for corporate disregard established in New York. The two standards are "indistinguishable, do not lead to different results, and should be treated as interchangeable." *Id.*

■ Moreover, in an action to pierce the corporate veil, a defendant may be found liable only upon a showing of fraud or upon demonstration of the use of the corporation as an alter ego, thereby resulting in an injury or wrong against third parties. *See Itel Containers Int'l. Corp. v. Atlanttrafik Express. Service. Ltd.*, 909 F.2d 698, 703 (2d Cir.1990) ("New York law allows the corporate veil to be pierced *either* when there is fraud *or* when the corporation has been used as an alter ego.") (emphasis in original); *Garter v. Snyder*, 607 F.2d 582, 586 (2d Cir.1979) ("Because New York courts disregard corporate form reluctantly, they do so only when the form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation ..., and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called the other's

alter ego."). It follows, therefore, that because Plaintiffs are seeking to pierce the corporate veil of Hillyer International, Inc., liability must be predicated upon an alter ego theory since Plaintiffs do not allege the existence of fraud.

In *St. Paul*, the Second Circuit considered the question of whether the trustee in bankruptcy has standing to assert alter ego claims against third parties. *St. Paul*, 884 F.2d at 696. After reviewing the decisions of various other circuits, the court concluded that the determination of "[w]hether the rights belong to the debtor or the individual creditors is a question of state law." *Id.* at 700 (citing *Morton v. National Bank (In re Morton)*, 866 F.2d 561, 563 (2d Cir. 1989)). The court also reasoned that claims which belong to the debtor may only be asserted by the trustee. *Id.* Plaintiffs contend that under New York law, a corporation may not pierce its own veil. Thus, the trustee in bankruptcy lacks standing to bring a claim against Mrs. Hillyer based on her use of Hillyer International, Inc. as a "mere instrumentality". Although Plaintiffs cite a number of cases in the New York courts which support this conclusion, the Court does not agree with Plaintiffs' reasoning.

[5] "Under New York law, a trustee may bring an alter ego cause of action on behalf of a corporate debtor in an attempt to collect property of the estate for the benefit of all creditors if such an action is not personal to any particular creditor." *In re 10th Avenue Record Distributors, Inc.*, 97 B.R. 163, 165–166 (Bankr.S.D.N.Y. 1989) (Trustee for Chapter 7 debtor allowed to bring alter ego action against shareholder). Plaintiffs appear to have ignored some of the allegations contained in their Amended Complaint. The Amended Complaint alleges that Mrs. Hillyer shifted assets and liabilities among her corporations, and that she intermingled her personal funds with those of the corporation. Plaintiffs also allege that Mrs. Hillyer used corporate funds to pay her personal expenses

---

**6.** The relevant factors are virtually the same as those considered pertinent to an alter ego action. *See W. Passalacqua Builders*, 933 F.2d at

139; *Director's Guild of America v. Garrison Products*, 733 F.Supp. 755, 760–61 (S.D.N.Y. 1990).

and caused the corporation to become severely undercapitalized. Taking these allegations as true, the trustee would be justified in bringing an alter ego action to recover any misappropriated assets. *Id.* at 166 (citing *Cumberland Oil Corp. v. Thropp*, 791 F.2d 1037 (2d Cir.), *cert. denied*, 479 U.S. 950, 107 S.Ct. 436, 93 L.Ed.2d 385 (1986)). Moreover, if the trustee pursues this claim successfully, it " 'would become the property of the estate' insofar as [Mrs. Hillyer] would be liable for [Hillyer International, Inc.'s] obligations and would therefore have a direct impact upon the estate." *Kalb, Voohis & Co. v. American Financial Corp.*, No. 92 Civ. 7754, 1993 WL 180368, at *8 (S.D.N.Y. May 24, 1993) (citing *St. Paul*, 884 F.2d at 695).

According to the Plaintiffs, an action to seize the nondebtor's assets may only be brought by a creditor. In making this argument, Plaintiffs rely on *In re RHN Realty Corp.*, 84 B.R. 356 (Bankr.S.D.N.Y. 1988), in which the court ruled that the trustee lacked standing to "assume the responsibility of suing nondebtor third parties on behalf of creditors of the estate by reason of an alter ego relationship and thereby preempt similar suits by the creditors of the debtor corporation." *Id.* at 360. Judge Patterson of this Court distinguished *In re RHN Realty Corp.* in an action in which he dismissed plaintiff's claim which was based on an alter ego theory. *See Kalb, Voohis & Co.*, 1993 WL 180368, at *7. The trustee in *In re RHN Realty* sought to bring an alter ego claim "to satisfy a deficiency judgment against the nondebtor defendant in favor of the debtor's largest creditor." *Kalb, Voohis & Co.*, 1993 WL 180368, at *7 (quoting *In re Harry C. Partridge Jr. & Sons, Inc.*, 112 B.R. 593, 595 (Bankr.S.D.N.Y.1990)).

Judge Patterson further distinguished *In re RHN Realty Corp.* "on the ground that it 'involved satisfaction of a claim of one particular creditor in a no-asset case in which the automatic stay had already been lifted.' " *Kalb, Voohis & Co.*, 1993 WL 180368, at *7 (quoting *In re 10th Avenue Record Distributors, Inc.*, 97 B.R. 163, 165 (S.D.N.Y.1989)). "In short, the decision in R.H.N. rests on unique facts which plaintiff has not shown to obtain in the present case." *Kalb, Voohis & Co.*, 1993 WL 180368, at *7–8.

Plaintiffs also maintain that they have standing to assert their claims because they have suffered a distinct injury that is directly traceable to Mrs. Hillyer's actions. The Amended Complaint describes an alter ego theory of liability.[7] The Amended Complaint contains no allegations which uniquely affected Plaintiffs. Assuming that these allegations are true, the harm suffered by Plaintiffs is "precisely that suffered by all other creditors" of Hillyer International, Inc. *St. Paul*, 884 F.2d at 704. "[A]ll of [Hillyer International, Inc.'s] creditors have some contractual or tortious ground for their individual claims against [Hillyer International, Inc.], none of these creditors have been fully paid as a result of [Hillyer International, Inc.'s] insolvency, and all share the same general interest as [Plaintiffs] in the alter ego claim alleged in the Complaint." *Kalb, Voohis & Co.*, 1993 WL 180368, at *7.

In *St. Paul*, the Second Circuit employed the principle that a general cause of action which does not accrue to a plaintiff individually and may be brought by any creditor is properly asserted by the trustee in bankruptcy.[8] *St. Paul*, 884 F.2d at 701. Be-

---

7. Plaintiffs' additional arguments in support of their claims are not persuasive. Plaintiffs contend that Mrs. Hillyer is personally liable because she is the former director and shareholder of Hillyer International, Inc. Plaintiffs also assert as grounds for liability the fact that Hillyer International, Inc. has been dissolved pursuant to the Tax Law of New York State, thus making it futile to collect their judgment. However, if Hillyer International, Inc. had any assets, then Plaintiffs would be entitled to recover

their judgment, notwithstanding dissolution. In fact, Plaintiffs are actively pursuing their claim in the bankruptcy proceeding and have sought to demonstrate that Hillyer International, Inc. possesses unidentified assets. (*See* Def.'s Mem. in Supp. of Mot. to Dismiss at 9; Delaney Aff. Ex.G.)

8. The Second Circuit adopted this view after considering the policies underlying bankruptcy proceedings. The court determined that "Con-

cause of the generalized nature of Plaintiffs' claims, and in the interest of treating all unsecured creditors equally, the Court finds that Plaintiffs lack standing to assert their claims outside of the bankruptcy proceeding.

*SUMMARY*

For all of the foregoing reasons, Mrs. Hillyer's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted.

SO ORDERED.

gress intended to protect all creditors by making the trustee the proper person to assert claims against the debtor." *St. Paul,* 884 F.2d at 701. When a creditor's claims "are not against the debtor but are against a third party, the same reasoning applies." *Id.* In discussing its reasons for dismissing Pepsico's claim, the court stated that "[a]ll unsecured creditors are to be treated equally if their injuries are not different in kind." *Id.* at 704.